Workmen's Compensation Appeal Board and William Burgerhoff, Appellees, *v.* Branch Motor Express and Employers Mutual Liability Insurance Company of Wisconsin, Insurance Carrier, Appellants.

Argued February 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*James K. Martin,* for appellant.

*Carlon M. O'Malley, Jr.,* with him *Todd J. O'Malley, George W. Teets,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, April 3, 1975:

This is an appeal by the Branch Motor Express (appellant) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of workmen's compensation benefits to William Burgerhoff (claimant).

The referee's award of benefits was based on his findings of fact and conclusions of law that claimant had become totally disabled as a result of an accident which occurred during the course of his employment as an "over the road" truck driver with appellant.

Our scope of review in this type of case is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *Regent Bottling Company v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973). The exercise of this narrow scope of review compels us to affirm the Board.

Appellant first contends that the award of compensation to claimant is not supported by substantial evidence. This contention is based on the argument that claimant's medical evidence on the causal connection between his accident and his injuries was incompetent because it was presented by a general practitioner, Dr. Joseph A. Sutula.

Dr. Sutula was claimant's family physician and the physician who initially treated claimant after his accident. Dr. Sutula admitted claimant to Mercy Hospital, called in specialists for consultation, and continued to treat claimant thereafter. There is no doubt that Dr. Sutula was the physician who was the most familiar with claimant's physical condition before and after his accident. Although Dr. Sutula was not a specialist, this fact in no way affects his competency but only goes to the weight to be given his testimony. This Court has often affirmed awards based on the testimony of general practitioners. *See E. Hoy v. Fran Lingerie,* 9 Pa. Commonwealth Ct.

542, 308 A.2d 640 (1973). Here, we conclude that Dr. Sutula was competent to testify on the issue of causation and that his testimony adequately supports the award of compensation to claimant.

Appellant's second argument is that it was error for the referee and Board to award subrogation rights to the Teamster's Local Union No. 429, Non-Occupational Health Benefit Fund (Union). We agree.

The record indicates that the Union paid compensation to claimant out of a Non-Occupational Health Benefit Fund. However, the record is not clear as to the amount or the number of payments made.[1] The referee then awarded subrogation rights to the Union under Section 319 of The Pennsylvania Workmen's Compensation Act.[2] This section reads in pertinent part:

"Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the *employer* or an *insurance company* on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board." (Emphasis added.)

The plain language of the above section makes it clear that it affords subrogation rights only to *employers* or *insurance companies* who have made payments to an injured employe. The record fails to disclose that the

---

1. The referee found that 26 payments of $80 each were made to claimant. We cannot find any evidence in the record to support this finding.

2. Act of June 2, 1915, P. L. 736, art. III, *as amended*, 77 P.S. §671 (Supp. 1974-75).

Union qualifies as either.[3] Therefore, it was not entitled to subrogation rights under Section 319, and the granting of same by the referee and the Board was error. Since the granting of these subrogation rights was improper, it was also improper for the referee to deduct these sums from the amount due to claimant.

The referee and Board also erred in computing interest at the rate of 6 percent per annum, since Section 406.1 of the Act, *added* by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §717.1 (Supp. 1974-75), effective April 10, 1972, calls for the computation of interest at the rate of 10 percent per annum.

Therefore, we issue the following

ORDER

AND NOW, this 3rd day of April, 1975, the order of the Workmen's Compensation Appeal Board as to the claim of William Burgerhoff is hereby affirmed, except for that portion of the order directing that the Teamster's Local Union No. 429, Non-Occupational Health Benefit Fund be reimbursed for payments made to claimant which is hereby modified to provide that these sums be awarded to claimant. Also, the rate at which deferred payments of compensation shall bear interest is hereby modified to 10 percent per annum from the due date thereof. Accordingly, it is ordered that judgment be entered in favor of William Burgerhoff and against Branch Motor Express and Employers Mutual Liability Insurance Company of Wisconsin in the amount of $60 per week, beginning April 12, 1972 and continuing thereafter for an indefinite period, and for the sum of $4,190.65 for medical expenses, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

---

3. The Union was not a party and was not represented in this litigation.