Harry J. Ballas, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Rockwell International, Respondents.

Argued September 16, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Roland J. Artiques,* for petitioner.

*Richard A. Bausher,* with him *Stevens & Lee,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE WILKINSON, JR., September 30, 1977:

The issue presented in this case is whether the Workmen's Compensation Appeal Board (Board) erred in reversing a referee's award of attorney's fees to appellant pursuant to the "reasonable contest" standard of Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996.

Appellant suffered a wrist injury on December 17, 1973, in a fall on an icy parking lot while going to his car shortly after the end of his work shift. Appellee-employer had assigned appellant a particular space in the lot, which was located across a public street from the exit appellant used in leaving the building in which he worked. Appellant filed a claim petition and appellee filed an answer denying that appellant was in the course and scope of his employment.

At hearing, counsel for appellee-employer offered no testimony and confined his defense to cross-examination of the claimant, during which appellant admitted that his shift had ended 10 or 15 minutes before the fall occurred; that he had to cross a public street to get to the lot; that bus service was available for him to travel to and from work. The referee ordered appellee-employer to pay benefits. He also awarded attorney's fees to appellant on the basis that

appellee-employer had raised no reasonable contest. The Board affirmed the award of compensation but reversed the award of attorney's fees.

Appellant contends that appellee-employer's cross-examination was insufficient to raise a reasonable contest. We must disagree. The cross-examination established that appellant had to cross a public street in order to reach the parking lot where his car was located. Although we held in *Ingersoll-Rand Co. v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 502, 316 A.2d 673 (1974), that an injury sustained by an employee walking in a parking lot on his way to work, which lot was under the control of the employer but separated from the employer's actual business operation or plant by a public street, occurred on the employer's "premises," that decision announced a rule contrary to that made by our Supreme Court in *Vardzel v. Dravo Corp.,* 402 Pa. 19, 165 A.2d 622 (1960), and was rendered less than four months before the date of the hearing in this case. Under the circumstances, considering the importance of the determination whether an injury occurred on an employer's "premises," the significance of the change wrought by the *Ingersoll-Rand* decision, and the close chronological proximity of that case to the hearing here, we are required to hold that the Board did not err in ruling that appellee had raised a reasonable contest.

Accordingly, we will enter the following

ORDER

Now, September 30, 1977, the order of the Workmen's Compensation Appeal Board No. A-71069, dated September 21, 1976, affirming the order of the referee, dated December 17, 1975, directing appellee Rockwell International to pay compensation at the rate of $97.37 per week from December 24, 1973 to January

21, 1974, interest at the rate of 10 percent per annum, costs and reimbursement for medical expenses and lost time to appellant Harry J. Ballas, and reversing said referee's order directing Rockwell International to pay attorney's fees to counsel for appellant, is hereby affirmed.