Sterling Kocher, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and B. G. Coon Construction Co., Respondents.

Argued March 13, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Mark A. Peleak, Winkler, Danoff and Lubin,* for petitioner.

*Joseph A. Lach,* with him *Joseph P. Lenahan, Lenahan, Dempsey & Piazza,* for respondent.

OPINION BY JUDGE MENCER, June 9, 1980:

Sterling Kocher (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board), which affirmed the decision of the referee dismissing claimant's petition to modify and reinstate compensation. We affirm.

On June 30, 1967, claimant suffered a work-related back injury as a construction laborer for B. G. Coon Construction Co. (employer). He received total disability compensation for one year and thereafter returned to work in a light-work capacity. Three supplemental agreements, the last of which was signed on July 30, 1970, were executed, whereby claimant received partial disability payments. These payments terminated on August 1, 1975, following expiration of the 350-week limitation. Two years later claimant filed a petition to modify and reinstate compensation, alleging that he had become totally disabled as a result of his work injury of June 30, 1967. The referee dismissed the petition, the Board affirmed, and this appeal followed.

Claimant first argues that the referee capriciously disregarded competent evidence by finding in favor of employer. We disagree. Although claimant's ex-

pert testified that claimant was totally disabled because of the back injury, he conceded that claimant suffered from other ailments. Employer's expert unequivocally stated that claimant's total disability was caused, not by the back injury, but by many other non-work-related ailments, notably cirrhosis of the liver with ascites.[1] Where, as here, there is conflicting medical testimony, the fact that the referee believes the testimony of one doctor over that of another is not a capricious disregard of the evidence. *St. Denis v. Workmen's Compensation Appeal Board,* 29 Pa. Commonwealth Ct. 375, 371 A.2d 252 (1977); *Baker v. Oliver B. Cannon & Sons, Inc.,* 26 Pa. Commonwealth Ct. 143, 362 A.2d 1150 (1976).

Claimant argues, however, that the testimony of employer's doctor relative to his liver problem is incompetent, since the doctor was an orthopedic specialist and, therefore, not qualified to render an opinion outside the limits of his specialty. We disagree, since this objection goes to the weight of the evidence and not its competency. *Workmen's Compensation Appeal Board v. Branch Motor Express,* 18 Pa. Commonwealth Ct. 262, 334 A.2d 847 (1975).

Claimant also argues that his other ailments "were irrelevant to the case and only obfuscated the issue." This argument is completely meritless, since claimant's right to receive total disability benefits revolves around his ability to prove that his work-related back injury has caused him to become totally disabled. Ob-

---

[1] Claimant, who was 68 years old at the time of the hearing, also suffered from degenerative arthritic changes in the lumbosacral spine, narrowing of the fourth and fifth lumbar vertebrae, scoliosis of the thoracic spine, marked distention of the abdomen, a residual from an unrelated shoulder injury, a residual of eye operations for the removal of cataracts, and emaciation and weakness due to age and physical deterioration, in addition to the disability from the injury.

viously, if other non-work-related conditions have caused his disability, then claimant is not entitled to receive compensation.

Accordingly, we enter the following

ORDER

AND Now, this 9th day of June, 1980, the order of the Workmen's Compensation Appeal Board, dated May 16, 1979, affirming an order of a referee which dismissed the petition to modify and reinstate compensation of Sterling Kocher, is hereby affirmed.