W. Max Stouffer, Petitioner v. Jones Motor Co., Inc., Respondent.

Argued June 5, 1980, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*John McCrea III, McCrea & Davis,* for petitioner.

*W. Jeffrey Sidebottom, Barley, Snyder, Cooper & Barber,* for respondent.

OPINION BY JUDGE MENCER, September 24, 1980:

W. Max Stouffer (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board), which affirmed a referee's dismissal of claimant's petition to set aside a final receipt. We affirm.

Claimant had sustained a work-related back injury on February 22, 1973, while working for Jones Motors, Inc. (employer), and received workmen's compensation benefits through June 1, 1973. Claimant executed a final receipt on July 12, 1973 but thereafter, on June 3, 1975, filed a petition to set aside the final receipt, alleging that he had suffered a recurrence of the disability caused by the February 1973 incident. The referee and Board dismissed the petition, and this appeal followed.

Claimant argues that the referee capriciously disregarded evidence of his doctor, who testified that claimant was disabled. Employer, however, presented medical testimony that claimant's injury was fully healed by June 2, 1973 and that claimant was not disabled. It is axiomatic that questions of credibility are left to the referee, *Workmen's Compensation Appeal Board v. Quick,* 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976), and the fact that the referee believes the testimony of one doctor over that of another is not

a capricious disregard of the evidence. *Kocher v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 106, 415 A.2d 162 (1980).[1]

Accordingly, we enter the following

### ORDER

AND Now, this 24th day of September, 1980, the order of the Workmen's Compensation Appeal Board in the above captioned case, dated June 21, 1979, affirming the dismissal of the petition of W. Max Stouffer, is hereby affirmed.

---

[1] Claimant's other argument, that the record does not support the finding of the referee that claimant's chronic back problem, dating back to 1961, is the source of claimant's current disability, is wholly meritless. Dr. Bowman, claimant's own doctor, clearly testified that claimant's problem was ongoing:

Q. Doctor, again, the extension is the ability to flex, tenderness, these are the same complaints he has had all the way back to 1961 again?

A. I would say it's a pretty steady, constant report from the earliest times I knew him until now. It's almost a steady show. I guess the intervening time when Dr. Armstrong did surgery, as I recall on his back, he had more pain at that time. But then he healed up and that is a natural process. So it was a pretty steady story right from the beginning to the end.

Q. And by the end you mean the most recent visit?

A. That's right, to the end, right now, up to the present date.