Joan Jodon, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Corning Glass Works, Respondents.

Argued May 8, 1980, before Judges Rogers, Blatt and Williams, Jr., sitting as a panel of three.

*William R. Caroselli,* with him *Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler,* for petitioner.

*Raymond F. Keisling, Will & Keisling,* for respondent, Corning Glass Works.

Opinion by Judge Williams, Jr., October 14, 1980:

This is an appeal by Joan Jodon (claimant) from that part of an order of the Workmen's Compensa-

tion Appeal Board (Board) which disallowed a referee's award of an attorney's fee under Section 440 of The Pennsylvania Workmen's Compensation Act.[1]

The claimant was employed as a selector-packer for the Corning Glass Works (employer). Her duties required her to stand for extended periods picking up stacks of glassware, and to do considerable stooping and bending to pack the glassware in hampers. While at work on May 13, 1977, the claimant experienced pain in her lower back and abdominal area when she picked up a stack of glassware and bent down to put it in a hamper. As a result of the pain, the claimant went to the plant dispensary and reported her condition to the nurse, who gave the claimant some pills. The claimant returned to work, but requested more pills at the end of the day.

Due to continuing pain, claimant Jodon remained away from work until May 19, 1977. When she returned to work that day she requested lighter work, but she was assigned to her normal duties as a selector-packer. She required the help of a co-worker to complete her shift because of pain. She did not return to work after May 19. The medical evidence on both sides of this case agreed that the claimant suffered from at least a chronic back sprain.

In awarding compensation the referee determined that the claimant suffered a back injury in the course of her employment on May 13, 1977, and that she was totally disabled from performing her former occupation or any similar occupation involving lifting, bending and stooping. The referee also found that the employer, a self-insured, had no reasonable basis for

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996.

contesting compensation and, as a result, the referee awarded an attorney's fee.

When the employer appealed the referee's award to the Board, the Board affirmed the award of compensation but disallowed the grant of an attorney's fee. The employer declined to take any further appeal from the Board's affirmance of compensation.

A claimant is entitled to an award of an attorney's fee under Section 440 of the Act, unless the record establishes that the employer's or carrier's contest was reasonably based. *Fowler v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 503, 393 A.2d 1300 (1978); *Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975); *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 332 A.2d 885 (1975).

Whether or not there has been a reasonable basis for contesting compensation depends upon both the facts and the legal issues involved. *Poli v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 630, 384 A.2d 596 (1978). The reasonableness of an employer's contest is, however, ultimately a question of law subject to review by the Board and then by this Court. *Ball v. Workmen's Compensation Appeal Board,* 19 Pa. Commonwealth Ct. 157, 340 A.2d 610 (1975).

The referee's negation of a reasonable basis for the contest was predicated on his finding that the employer presented no proof to rebut the claimant's evidence of injury and disability, after having denied all the allegations in the claim petition.

In deleting the referee's grant of an attorney's fee, the Board concluded that the employer did have a reasonable basis to contest the claim. The Board stated two reasons for that conclusion: (1) the em-

ployer's medical witness had indicated that the claimant *possibly* could have returned to work, and (2) the claimant's medical witness acknowledged that his opinion that she was disabled was based almost completely on the subjective complaints of the claimant. In the instant appeal, the respondent employer advances those same grounds as its reasonable basis for the contest.

At a deposition taken on August 22, 1978, the employer's medical witness, Dr. Nemani, stated that he had examined the claimant two months earlier, on June 22, 1978. The doctor testified that his examination gave him the impression that the claimant had a sprained back or a herniated disc; however, it was his opinion that the claimant should have returned to work "at least on a trial basis." To state that the claimant should have returned to work on a *trial basis* was no more than to say that she *may or may not* have been disabled. Probably, that opinion would be deemed too equivocal to conflict with a direct and positive opinion of disability and standing alone would not provide a reasonable basis for a contest. *See Murray v. Workmen's Compensation Appeal Board*, 45 Pa. Commonwealth Ct. 3, 404 A.2d 765 (1979).

What is more crucial to the issue at bar is the claimant's own medical evidence. The claimant offered the deposition testimony of Dr. Mitchell, which was taken on June 7, 1978. The doctor testified that he examined her in late March, 1978. X-rays of her spine revealed no evidence of a fracture, dislocation or other pathology, except for a slight, congenital spinabifida. It was Dr. Mitchell's opinion that there was some type of nerve compression on the claimant's left side. It was also the doctor's opinion that the nerve compression was caused by the work in-

cident of May 13, 1977. And, it was his opinion that she was disabled from performing her former job or any other job that required lifting and bending. Dr. Mitchell was the claimant's sole medical witness on the issue of disability.

However, on cross-examination of Dr. Mitchell at the deposition, the doctor stated that his only information about the claimant's condition was based on what she told him and not on any objective clinical findings. He further testified on cross-examination at the deposition that all of the opinions he had expressed on direct, including his opinion as to the cause of her injury and as to her disability, were based on the subjective complaints of the claimant rather than any objective findings.

Throughout this case the central issues have been: (1) whether or not claimant Jodon suffered a work-related injury, and (2) whether she was disabled.

The injury complained of was not one that arose from an objectively ascertainable occurrence. This is not a case of a person falling or being struck by a piece of equipment, which possibly could be evidenced, directly or circumstantially, by sources independent of the claimant. In the instant case, even the place and cause of the injury depend exclusively on the claimant's credibility for their proof. Further, the medical opinion that the claimant was disabled by the injury was derived from the subjective complaints of the claimant. Therefore, that opinion also rested on the credibility of the claimant.

It was clearly within the referee's province to resolve the question of credibility in the claimant's favor. However, the employer had no obligation to retreat from contesting a case that depended solely on the claimant's credibility. That should be especially true where, prior to filing a claim petition, the

claimant had previously applied for sickness and accident insurance benefits and indicated in that application that her condition was *not* work-related, as did the claimant in this case. The fact that it takes cross-examination to demonstrate the validity of disputing the claim does not negate the reasonableness of the contest. *See Vovericz v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 94, 398 A.2d 734 (1979); *Ballas v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 82, 377 A.2d 1069 (1977).

We conclude that the employer had a reasonable basis to contest the claim in this case and we affirm the order of the Board disallowing the grant of an attorney's fee.

### ORDER

AND Now, the 14th day of October, 1980, the order of the Workmen's Compensation Appeal Board entered on July 26, 1979, at No. A-76513, is affirmed.