Elizabeth H. Ellis, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Standard Press Steel, Respondents.

300

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Kip D. Denega, Jr.,* for petitioner.

*Howard M. Ellner,* for respondent.

OPINION BY JUDGE MENCER, March 4, 1981:

Elizabeth H. Ellis (petitioner) has appealed from a decision of the Workmen's Compensation Appeal Board which upheld the referee's denial of her claim for benefits arising out of the death of her husband, Francis Ellis (decedent). We affirm.

The decedent suffered a "seizure" in the employee locker room of Standard Pressed Steel (employer) within ten minutes after completing his normal shift at 3:30 p.m. Shortly after the employer's first-aid

team arrived, the decedent's heart stopped. Artificial respiration was provided by means of a "Stevenson's Resuscitator" and closed-chest massage was administered. The decedent was promptly taken to a nearby hospital where he was pronounced dead at 4:04 p.m. from severe coronary artery disease. The cause of death was found to be unrelated to the decedent's employment, but the petitioner asserted that the employer failed to provide proper medical care and that this failure resulted in the death of her husband.

To prevail before the referee, the petitioner had the burden of satisfying the three criteria set forth in *Baur v. Mesta Machine Co.*, 405 Pa. 617, 624, 176 A.2d 684, 688 (1961):

In order for the plaintiff to recover . . . , it must be shown (1) that the employer assumed the obligation of providing medical care to the employees who became ill in the course of their employment; (2) that proper care was not provided; and (3) that the death of the employee was due to the neglect of the employer to provide proper care.

In the present case, the employer assumed the obligation of providing medical care to employees who became ill in the course of their employment by employing a company nurse and organizing first-aid teams. Nothing in the record indicates that care was not administered promptly to the decedent, so the sole issue for our consideration is whether the referee erred in finding that the decedent received the proper type of medical attention after he collapsed. Specifically, the petitioner contends that the methods used to provide artificial respiration to the decedent were inadequate.

The extensive record in this case includes testimony by several qualified medical experts as to the adequacy of medical treatment. While Dr. Wendkos

302

testified for the claimant that the first-aid team should have used mouth-to-mouth resuscitation instead of a mechanical device, Dr. Urricho testified for the employer that the mechanical device used in this case was preferred over mouth-to-mouth resuscitation as a means of reviving heart attack victims. Equally disparate opinions were expressed by other witnesses. The referee chose to adopt Dr. Urricho's view.

It is well recognized that "the referee is the sole judge of the credibility of medical witnesses appearing before him." *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 610, 612, 399 A.2d 1178, 1179 (1979). He does not capriciously disregard competent evidence by choosing to accept the testimony of one doctor over that of another. *Stouffer v. Jones Motor Co.,* 54 Pa. Commonwealth Ct. 58, 419 A.2d 820 (1980).

Therefore, we enter the following

ORDER

AND Now, this 4th day of March, 1981, the order of the Workmen's Compensation Appeal Board, dated August 30, 1979, which upheld the referee's denial of benefits to Elizabeth H. Ellis, is hereby affirmed.