Herre Bros., Inc., Petitioner *v.* Workmen's Compensation Appeal Board ex rel. (Doris J. Mumma, w/o William R.), Respondents.

Doris J. Mumma, Widow of William R., Petitioner *v.* Workmen's Compensation Appeal Board (Insurance Company of North America), Respondents.

Argued May 9, 1983, before Judges Rogers, Blatt and Doyle, sitting as a panel of three.

*Charles E. Wasilefski, Foulkrod, Peters & Wasilefski,* for Herre Bros., Inc.

*Kent Price,* with him *Lee C. Swartz, Hepford, Swartz, Menaker & Wilt,* for Doris J. Mumma, widow of William R. Mumma.

*Eugene E. Pepinsky, Jr.,* with him *Charles W. Rubendall, II, Keefer, Wood, Allen & Rahal,* for Insurance Company of North America.

OPINION BY JUDGE BLATT, July 18, 1983:

Herre Bros., Inc. (Herre) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits on a fatal claim petition brought by Doris J. Mumma (claimant), the widow of the decedent. 845 C.D. 1982. The Board's order has also been appealed by the claimant because it affirmed the referee in refusing counsel fees and permitted Herre's No-Fault carrier to be reimbursed in the amount of $5,000 from her workmen's compensation award. 937 C.D. 1982.

The decedent, who was employed by Herre as a truck driver, was involved in a work-related accident, and voluntarily entered the Reading Hospital where he received treatment for several fractured ribs and a laceration above the left eye. He left the hospital the same day. The next day, he went to his family doctor

who recommended that he remain off from work for a few days. Seven days later he was pronounced dead on arrival at the Harrisburg Polyclinic Hospital, due to "1) Diffuse lobar pneumonia and 2) Multiple traumatic fractures, ribs, bilateral."

845 C.D. 1982

Herre argues that, because the decedent did not remain in the hospital on the day of his accident, he has forfeited his right to compensation, and cites to Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §531(4) which provides in relevant part that:

> If the employee shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal.

We note, however, that the decedent went *voluntarily* to the hospital after the accident, and that, he went to his own doctor the following day, who found that "his condition did not appear to be serious and he was not advised to be hospitalized."[1] We believe, therefore, that Section 306(f) of the Act does not result in a forfeiture of compensation under these circumstances.

Herre also argues that the medical testimony does not support the referee's finding that there was a causal relationship between the accident on January 8, 1976 and the decedent's death. The record indicates, however, that Dr. S. W. Berkheiser performed an

---

[1] While it is true that the decedent was urged to remain in the hospital "at least for the purpose of observation," there is no indication in the record that his decision to visit his own doctor instead of remaining at the hospital constituted "refusal to accept reasonable medical services."

autopsy on the decedent and testified that "if he had not had the accident,... I am certain he would not have had pneumonia." And, although Herre offered conflicting testimony, it is axiomatic that questions of credibility and of conflicting evidence are for the referee, and not this Court. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board, (Lombardi)*, 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982). We believe, therefore, that the referee's finding of a causal relationship between the work-related accident and the death is supported by substantial evidence.

### 937 C.D. 1982

The claimant contends that the referee erred in failing to award attorney fees to her counsel, and she cites to Section 440 of the Act, 77 P.S. §996 which provides that, where an employer has contested liability in a matter where the claimant receives an award, a reasonable sum for attorney's fees shall be provided; however, where a reasonable basis of contest has been established, such fees may be excluded. The reasonableness of the emloyer's contest, of course, is a question of law subject to our review. *Jodon v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 246, 420 A.2d 1137 (1980).

And, here, there was a legitimate question as to whether the decedent's death was or was not caused by the accident. We believe, therefore, that there was a reasonable basis to contest the claim and we must affirm the denial of attorney's fees. *Jodon.*

The claimant also argues that the referee improperly permitted the employer's No-Fault insurance carrier, the Insurance Company of North America (INA), to be reimbursed from the claimant's workmen's compensation award, for the $5,000 which INA had paid to her pursuant to an order of the Dauphin County Court of Common Pleas. Both the referee and the Board found

INA to be entitled to reimbursement for this amount. Section 206(a) of the Pennsylvania No-Fault Motor Vehicle Insurance Act, (No-Fault Act)[2] provides that workmen's compensation benefits shall be subtracted from loss in calculating net loss under the Act, while Section 106(a)(3) of the No-Fault Act, 40 P.S. §1009.106(a)(3) provides as follows:

A claim for no-fault benefits shall be paid without deduction for the benefits or advantages which are to be subtracted from loss in calculating net loss if such benefits or advantages have not been paid or provided to such claimant prior to the date the no-fault benefits are overdue or the no-fault benefits claim is paid. *The obligor is thereupon entitled to recover reimbursemnt [sic] from the person obligated to pay or provide such benefits or advantages or from the claimant who actually receives them.*

Our Supreme Court has held that an employee injured in the course of his employment, *while driving the employer's vehicle,* may recover *only* workmen's compensation benefits. *Wagner v. National Indemnity Co.,* 492 Pa. 154, 422 A.2d 1061 (1980), and a no-fault insurer who has paid the claimant has been held able to recover reimbursement from the workmen's compensation carrier who is obligated to pay, or from the claimant who has been paid by the workmen's compensation carrier. *Brunelli v. Farelly Bros.,* 266 Pa. Superior Ct. 23, 402 A.2d 1058 (1979). We also believe, therefore, that the referee and the Board properly permitted reimbursement of INA's $5,000 claim from the claimant's workmen's compensation award.

---

[2] Act of July 19, 1974, P.L. 489, 40 P.S. §206(a).

504

ORDER IN 845 C.D. 1982

AND Now, this 18th day of July, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

ORDER IN 937 C.D. 1982

AND Now, this 18th day of July, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

