The Bell Telephone Company of Pennsylvania, Petitioner *v.* Workmen's Compensation Appeal Board (Gussey), Respondents.

Argued June 6, 1985, before Judges MacPhail and Colins, and Senior Judge Kalish, sitting as a panel of three.

*Hubert Thurschwell,* with him, *Robert J. Costagliola,* for petitioner.

*Amiel B. Caramanna, Jr.,* with him, *Alexander J. Pentecost,* for respondent, Mark M. Gussey.

OPINION BY JUDGE COLINS, August 14, 1985:

Bell Telephone Company of Pennsylvania (employer) appeals an order of the Workmen's Compensation Appeal Board (Board), affirming the referee's determination that Mark M. Gussey's (claimant) disability had not ceased and that attorney's fees and penalties should be assessed against employer.

Claimant was injured in an accident while working for Bell on February 17, 1977. The employer filed a Notice of Compensation Payable and paid compensation until March 12, 1977 when payments were unilaterally stopped. On August 28, 1978, claimant filed a Review Petition alleging that his compensation had been improperly terminated. The employer asked for a last-minute continuance, which was granted, at which time the referee issued an interlocutory order stating that the employer had illegally stopped payment and these payments were to be reinstated retroactively. Attorney's fees were awarded to claimant, because the referee found no reasonable basis for termination under the Pennsylvania Workmen's Compensation Act (Act).[1]

The Board granted employer's Petition for Supersedeas and remanded to the referee for an evidentiary hearing to be treated as a petition to terminate.

The referee found that claimant's disability had not ceased or changed in character or extent on March 13, 1977 and that claimant had been totally disabled for any type of work since February 18, 1977 as a result of chronic lumbrodorsal and lumbrosacral sprains resulting from his injury, osteoarthritis (which was

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §996.

aggravated by the injury), fibromyositis of the neck and shoulder muscles, and cerebral concussion with post-concussion syndrome. Depositions had been taken from two doctors offered by claimant and two by the employer. Claimant's doctors testified that he was totally disabled for his former job. The employer's two medical witnesses testified that claimant could have returned to work on April 18, 1977. A third medical witness opined that claimant could do light and sedentary work. A Bell investigator testified that he saw claimant performing activities inconsistent with his alleged disability and a Bell employee testified that there was work available to claimant which did not involve climbing, bending or lifting. Employer was ordered to reinstate compensation, pay a 20% penalty, and pay claimant's attorney fees because there was no reasonable basis for the defendant to terminate compensation.

The Board granted employer's Petition for Supersedeas as to the counsel fees, denied as to compensation, and remanded to the referee for a separate hearing on the penalties. The referee's failure to list two of employer's witnesses, who had testified that claimant was not disabled, was found to be improper.

The referee again found that there was no reasonable basis for the employer to terminate, that the stoppage was illegal under the Act,[2] and that the employer did not sustain its burden to prove that claimant's disability had ceased or changed. The termination petition was dismissed and employer was ordered to reinstate compensation from March 13, 1977, to pay interest of 10%, penalties and attorney's fees.

The employer appealed to the Board and the Board affirmed. Hence this appeal, in which the employer

---

[2] 77 P.S. §774.1.

raises three issues, two of which have been sub-divided into four and five sub-issues. Basically these can be reduced to a claim that the decision was made in capricious disregard of evidence, which violated employer's right to a fair hearing and due process, and that errors of law were committed. The referee is alleged to have capriciously disregarded the testimony of employer's doctors and other witnesses, to have ignored an arbitration decision pertaining to claimant's dismissal, and to have prejudged the case pertaining to compensation. The award of attorney's fees and penalties are also alleged to result from a capricious disregard of evidence and errors of law. The errors of law enumerated are that the award should be reversed because there has been no proper award of compensation; there are inconsistencies between the referee's findings of facts, conclusions of law, and the award; the award of penalties is an abuse of discretion; the imposition of a penalty of 20% is contrary to law; and that penalties should not be imposed on compensation which is timely paid.

These excessively numerous, repetitive and overlapping arguments cannot obfuscate the fact that a timely termination petition was not filed. The proper filing of a petition to terminate or modify the compensation award would have operated as a supersedeas and allowed suspension of payments pursuant to Section 413 of the Act. However, employer here merely quit payment without proceeding as the Act mandates. When the referee heard the evidence, he clearly believed the testimony of claimant's witnesses rather than that of the employer.

Once evidence is found to be competent, it is the referee's function to determine the weight and credibility of the evidence and to resolve conflicts. In doing so he may accept or reject the testimony of any

witness, medical or otherwise. *Crucible Steel Co. v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 374, 437 A.2d 1324 (1981), *City of Williamsport v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 618, 423 A.2d 817 (1980). It is for the referee to choose which medical testimony to believe when he makes a determination. The fact that he believes the testimony of one doctor over another is not a capricious disregard. *Kocher v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 106, 415 A.2d 162 (1980). The evidence offered by claimant's witnesses was found to be competent by the referee and was given more weight than that of employer. The claimant and two physicians testified that he was totally disabled.

Our scope of review where the party with the burden of proof has not prevailed is whether the findings can be sustained without a capricious disregard of evidence, and whether the referee's findings are consistent with each other and with the conclusions of law. *Priggins v. Workmen's Compensation Appeal Board,* 75 Pa. Commonwealth Ct. 482, 462 A.2d 352 (1983). We have reviewed the record and see no evidence of a capricious disregard of evidence by the referee. Rather, the referee chose to believe claimant's witnesses rather than employer's. The imposition of penalties is proper under the Act[3] and consistent with his finding that payments were withheld without the employer's following the proper termination procedures and the resultant excessive delay of payment to claimant.

However, an award of attorney's fees may be excluded when a reasonable basis for the contest has been established. The reasonableness of an employer's con-

---

[3] 77 P.S. §991(d)(i).

test is a conclusion of law subject to review by this Court. *Jodon v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 54 Pa. Commonwealth Ct. 246, 420 A.2d 1137 (1980). There is sufficient evidence of record to justify the employer's contest here, even though the proper procedure was not followed for termination. The employer produced expert medical testimony and the testimony of an investigator that claimant was not disabled. The fact that the referee chose to accept the opinion of claimant's doctors over those of the employer does not render the employer's contest unreasonable. A conflict of competent medical evidence did exist, which the referee resolved in favor of the claimant.

Therefore, the award of counsel fees to the claimant was unwarranted and is reversed. The decision of the Board concerning the denial of the termination petition and award of penalties is affirmed.

ORDER

AND Now, August 14, 1985, the award of attorney's fees is reversed and the decision of the Workmen's Compensation Appeal Board concerning the denial of the termination petition and award of penalties is affirmed.