Henry Paul Cadillac, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Stephens), Respondents.

Argued June 4, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

William F. Sweeney, with him, Alfonso M. Salazar Schubert, Bellwoar, Mallon & Walheim, for petitioner.

Michael D. Schaff, Fine and Staud, for respondent.

OPINION BY JUDGE ROGERS, August 23, 1985:

Henry Paul Cadillac, Inc. (employer) appeals from an order of the Workmen's Compensation Appeal Board (board) affirming the referee's order awarding Walker Stephens (claimant) compensation benefits and attorney's fees.

In August, 1980, while working for the employer as a car washer, the claimant experienced an outbreak of contact dermatitis. His employer filed a Notice of Compensation Payable. The claimant signed a final receipt of workmen's compensation when he returned to work in October, 1980. In April, 1982, he again got contact dermatitis. He filed a claim petition which was treated by the referee as a petition for reinstatement.

At the hearing conducted by the referee, the claimant's medical witness, Dr. Roy Kinder, testified that the claimant's contact dermatitis in 1982 resulted from an allergen at work. Dr. Kinder explained that in July and August 1982 he performed patch tests with cleaners that the claimant obtained from the work site and he found that the claimant was allergic to two solutions, Ardex shampoo and a fabric cleaner.

The referee reinstated benefits and awarded attorney's fees to the claimant. The board affirmed and the employer appeals from the board's order.

The employer contends that there was insufficient evidence adduced at the hearing to support the referee's finding that the recurrence of dermatitis was work-related. It challenges the referee's findings of fact number four which states:

4. On April 8, 1982, Claimant suffered a reoccurrence of his injury of August 16, 1980 in the course of his employment when he suffered a reoccurrence of the allergic contact dermatitis caused by the use of the Ardex shampoo.

The employer notes that the claimant testified at the hearing that he did not use Ardex shampoo after he returned to work on October 8, 1980. So far as the record shows, he may have continued to use the fabric cleaner which Dr. Kinder says proved to be more toxic than Ardex. The employer argues from this that there was thus no evidence in the record to support the referee's finding that the claimant's dermatitis was the result of that product.

The employer misreads the referee's finding, which is simply that the claimant suffered a recurrence of the allergic contact dermatitis injury suffered in 1980. The referee's mention of Ardex shampoo was in the reference to the cause of the original, August, 1980, outbreak. In affirming this finding, the board cited the uncontradicted testimony of Dr. Kinder that as the result of his exposure to chemicals during the whole course of his work as a car washer the claimant had become sensitized to a number of cleaning solutions at his work and that he had advised the claimant after the 1982 outbreak of dermatitis to quit work. Dr. Kinder testified in part:

Q. And what is the prognosis for Mr. Stephens?

A. Well, I think as far as handling certain solutions and so forth, it's kind of bleak, be-

cause as I say, he has been sensitized probably
to a number of these things he's worked with,
so I don't think—as far as going back to where
he was cleaning cars—I just don't think he can
do it anymore, because the least exposure now
that he has, even if it's minimal, he's probably
going to break out.[1]

We, therefore, find substantial, competent evidence
on which to affirm the referee's and the board's or-
ders.

The employer also contends that the referee and
the board erred in awarding attorney's fees to the
claimant on the ground that the employer's contest of
the claim was unreasonable. Section 440 of The Penn-
sylvania Workmen's Compensation Act (Act)[2] pro-
vides in pertinent part:

In any contested case where the insurer has
contested liability in whole or in part, the em-
ployee . . . in whose favor the matter at issue
has been finally determined shall be awarded,
in addition to the award for compensation, a
reasonable sum for costs incurred for attor-
ney's fee . . . Provided, That cost for attor-
ney's fees may be excluded when a reasonable
basis for the contest has been established.

The determination of whether the employer's con-
test of a workmen's compensation claim is reasonably
based is a question of law subject to review by the
board and by this court. *Jodon v. Workmen's Com-
pensation Appeal Board,* 54 Pa. Commonwealth Ct.
246, 420 A.2d 1137 (1980).

In support of his finding of an unreasonable con-
test, the referee noted that the employer produced no

---

[1] Reproduced Record at 50a-51a.

[2] Act of June 2, 1915. P.L. 736, *as amended,* added by Section 3
of the Act of February 8, 1972, P.L. 25, 77 P.S. §996.

evidence in the record. The employer did not dispute the claim as not work-related. The only evidence the employer offered into the record was the following stipulation which was admitted:

Your Honor, I would propose a stipulation of expected testimony, that if Mr. Walter Shelly [a supervisor] were called to testify he would say that he could not contradict Mr. Stephens' testimony, but that he had no recollection of Mr. Stephens being at the dealership during the summer of 1982 to collect samples. . . .

The employer's contention is that the contest was reasonable because the referee and the board had to rely entirely on the claimant's testimony that the samples he had obtained for allergy testing purposes were, in fact, obtained from the employer's place of business. The employer relies on the cases *Jodon v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 246, 420 A.2d 1137 (1980) and *Cavanaugh v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 495, 413 A.2d 442 (1980).

In *Jodon* we wrote that "the fact that it takes cross-examination to demonstrate the validity of disputing the claim does not negate the reasonableness of the contest." *Id.* at 252, 420 A.2d at 1139. The claimant in *Jodon* complained of a back sprain for which there was no objective medical finding. The claimant's medical witness stated on cross-examination that his information about the claimant's condition was based on what she told him and not any objective clinical findings. The claimant's credibility, thus, was clearly at issue and the employer's contest was deemed reasonable because her case depended entirely on the claimant's credibility. In *Cavanaugh* the claimant suffered an injury to his left index finger and claimed loss of its use. At a first hearing, he

testified to the loss of use of his finger but he produced no medical evidence supporting his claim. He was cross-examined. The case was continued so that the claimant could be examined by doctors for the parties both of whom confirmed the validity of the claim in their reports. As in *Jodon*, we held the contest of a case originally based entirely on the claimant's assertions of disability or loss was reasonable. This case is quite different. Here the employer had arranged for and conducted a medical examination of the claimant before the hearing. At the hearing the employer produced no medical testimony concerning the cause of the claimant's injury; its only evidence was its stipulation that it could not contradict the claimant's testimony that he obtained the samples for the patch testing which his doctor used in the tests which resulted in the claim from the employer's work place. We agree that the contest was unreasonable.

Judge BARRY did not participate in the decision in this case.

ORDER

AND Now, this 23rd day of August, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.