521 A.2d 82

Frederick H. Holgate, Petitioner *v.* Workmen's Compensation Appeal Board (City of Philadelphia), Respondents.

Argued December 8, 1986, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Michael Anthony De Fino,* for petitioner.

*Carlton L. Johnson,* with him, *Michael David Eiss,* for respondent, City of Philadelphia.

OPINION BY JUDGE MACPHAIL, February 17, 1987:

Frederick H. Holgate (Petitioner) has filed a petition for review in which the sole issue raised is whether the Workmen's Compensation Appeal Board (Board) and referee correctly decided that the Police and Fire Medical Association (Association) has no subrogation rights under Section 319 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §671. We vacate and remand.

Petitioner, who worked for twenty-six years for the City of Philadelphia (Employer) as a fire fighter, filed a claim petition for compensation on December 2, 1982 in which he alleged that he was disabled by an occupational disease under Section 108(o) of the Act, 77 P.S. §27.1(o). Following a hearing on the petition, a supplemental agreement was entered in which it was agreed that Petitioner became partially disabled due to a work-related lung condition on October 30, 1982. The agreement further provided that "the referee is to determine defendant's [Employer's] liability, if any, for payment of the Police and Fire Medical Association bill in the amount of $1,785.00." It is undisputed that the $1,785.00 bill represents charges paid by the Association for in-patient care of Petitioner at John F. Kennedy Memorial Hospital from October 31, 1982 through November 2, 1982. Employer's Brief at 3.

Without conducting a further evidentiary hearing, the referee subsequently rendered a decision denying the Association's subrogation claim. The referee's pertinent fact findings were as follows:

3. Still at issue for the Referee's decision as noted in the Supplemental Agreement, is the subrogation claim of the Police and Fire Medical

---

[1] Act of June 2, 1915, P.L. 736, *as amended*.

Association, an adjunct of the Firemen's union, for medical services in the amount of $1,785.00.

4. The referee finds that said association does not have the rights [sic] of subrogation under the provisions of Section 319 of the Act, since it is neither the employer nor an insurance Carrier. See Workmen's Compensation Appeal Board and Burgerhoff v. Brauch [sic] Motor Express, 334 A.2d 847 (1975).

The Board affirmed the referee's decision, and the instant appeal followed.[2]

The portion of Section 319 of the Act applicable to the instant case provides as follows:

Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by *the employer or an insurance company* on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury *the employer or insurance company* who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board. (Emphasis added.)

As noted by the Board, we have recognized that Section 319 only affords enforceable subrogation rights to employers and insurance companies. *Workmen's Compensation Appeal Board (Burgerhoff) v. Branch Motor Express*, 18 Pa. Commonwealth Ct. 262, 334 A.2d 847

---

[2] Our scope of review of Board decisions is limited to determining whether an error of law was committed, whether any necessary fact findings are not supported by substantial evidence or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

(1975). The issue in this case is whether the Association qualifies as an insurance company.

Petitioner contends that the Association is a non-profit organization which provides health insurance to Philadelphia firemen who elect its coverage. As a health care insurer, Petitioner argues that the Association qualifies for subrogation rights under Section 319. The referee, however, found as fact that the Association is "an adjunct of the Firemen's union" and is "neither the employer nor an insurance Carrier." Unfortunately, the record lacks substantial evidence to support either of these views of the nature of the Association. The evidentiary hearing before the referee only addressed the issue of whether Petitioner suffers from a compensable disability and includes no evidence regarding the nature of the Association.

Assuming *arguendo* that the Association does qualify as an insurance company, its right to subrogation would seem to be clear in light of Employer's recognition that the $1,785.00 claimed by the Association represents the charge for Petitioner's in-patient care for treatment of his work-related lung condition. The concept of subrogation is based on "the right of one, who has paid an obligation which another should have paid, to be indemnified by the other." *Olin Corp. v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 603, 608, 324 A.2d 813, 816 (1974). Thus, the Association's admitted payment of the subject hospital bill would appear to create an enforceable right to subrogation if the Association qualifies as an insurance company. *See Pennsylvania Manufacturers' Ass'n. Insurance Co. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 588, 418 A.2d 780 (1980). We also note that Petitioner alleges in his brief that he has signed a subrogation agreement. Petitioner's Brief at 4.

We, accordingly, must remand for an evidentiary hearing[3] and decision to determine whether the Association qualifies as an insurance company for purposes of Section 319 of the Act.[4]

ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

[3] Employer contends that any evidence regarding the Association should have been introduced at the initial hearing before the referee and that this case simply involves a failure to sustain the burden of proof. The Act, however, requires only that a subrogation right be established at the time of hearing or by party agreement. We have noted in the instant case that the Association's subrogation interest has apparently been conceded by Employer. The particular issue in this case, however, is whether the Association is statutorily permitted to enforce its interest by qualifying as an insurance company. Since the Association could not file its subrogation claim until after it was determined that Petitioner was entitled to compensation, *see Olin Corp.,* we think it would have been premature to require evidence establishing the Association as an insurance company at the original hearing. We, accordingly, view the limited issue remaining as one appropriate for remand.

[4] Although the Act provides no definition of the term "insurance company," we note that the term has been generally defined as "[a] corporation or association whose business is to make contracts of insurance." Black's Law Dictionary 725 (5th ed. 1979).