525 A.2d 1284

Sherry Nelson, Petitioner *v.* Workmen's Compensation Appeal Board (Elliott Company, Division of Carrier Corporation), Respondents.

Argued October 6, 1986, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Irving M. Portnoy, Litman, Litman, Harris, Portnoy and Brown, P.A.,* for petitioner.

*Francis J. DiSalle,* with him, *Leta V. Pittman, William K. Herrington & Associates,* for respondents.

OPINION BY JUDGE BARRY, May 21, 1987:

Sherry Nelson, claimant, was injured in the course of her employment as a janitress with Elliott Company (employer), a division of Carrier Corporation. Before us is claimant's appeal from the Board's decision to grant employer's termination petition and cease benefits to claimant.

On September 26, 1979, claimant slipped and fell striking her back and head. She was unable to perform her job responsibilities and, pursuant to a notice of compensation payable received compensation benefits. On February 9, 1983, employer filed a termination petition claiming that claimant had made a full and complete recovery and was capable of returning without limitation to her former occupation as a janitress. Attached to this petition was a physician's affidavit of recovery executed by Dr. Samuel Sherman, M.D., a specialist in rehabilitation medicine. The referee granted this petition on October 28, 1983, and the Workmen's Compensation Appeal Board (the Board), noting that the referee harmlessly misapplied the burden of proof when it placed the burden of proving the additional psychiatric disability of which claimant complained during the termination petition proceedings on the claimant, affirmed the referee. Claimant appealed to this Court arguing that the Board exceeded its authority when, after determining that the referee misallocated the burden of proof, it proceeded to determine for itself that the employer had sustained its burden. In fact, claimant maintains, had the burden been properly applied, the employer would not have met its burden because there was no substantial competent evidence to show that all disability resulting from the claimant's physical injury had ceased. Claimant also contests the referee's accep-

tance of the testimony of Dr. Sherman and asserts that Dr. Sherman was not competent to testify because the subject matter to which he was testifying was outside his area of expertise. In addition, claimant posits that the referee committed an error of law in "basing his factual and legal conclusion on the testimony of Dr. Sherman whose testimony was legally and evidentially improper, incompetent and inadmissable."

We begin by noting that the burden to prove that the claimant is no longer disabled as a result of injuries arising from or related to events which served as the basis on which benefits have been paid is on the employer, *Olivetti Corporation v. Workmen's Compensation Appeal Board,* 75 Pa. Commonwealth Ct. 584, 462 A.2d 934 (1983), and if a claimant is currently disabled, the employer must show a lack of causal connection between that disability and the compensable injury. *Unity Builders, Inc. v. Workmen's Compensation Appeal Board, (Ellisor),* 50 Pa. Commonwealth Ct. 527, 413 A.2d 40 (1980).

The claimant maintains that Dr. Sherman's testimony is incompetent because it is outside the area of his expertise as a rehabilitation specialist and in the realm of psychiatric medicine. As the Board has aptly pointed out, this argument has been raised unsuccessfully many times. *See Bell Telephone Company v. Workmen's Compensation Appeal Board (Gussey),* 91 Pa. Commonwealth Ct. 112, 496 A.2d 1277 (1985); *Kocher v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 106, 415 A.2d 162 (1980); *Workmen's Compensation Appeal Board v. Branch Motor Express,* 18 Pa. Commonwealth Ct. 262, 334 A.2d 847 (1975).

With respect to claimant's argument that Dr. Sherman's testimony was inadmissible, we note that the Workmen's Compensation authorities are not bound to follow common law or statutory rules of evidence. *See* Section 422 of the Pennsylvania Workmen's Compensa-

tion Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P. S. §834. We realize that this does not give the referee the right to completely disregard the rules of evidence; however, after reviewing the transcript of the testimony of Dr. Sherman, we learn that many of counsel's objections relate to Dr. Sherman's competency to testify to the subject matter, an issue which we have previously addressed. The other objections relate primarily to answers by Dr. Sherman which counsel felt were unresponsive to the questions presented. We do not believe that the referee's refusal to strike these answers is a complete disregard of the rules of evidence. Counsel's objections concerned the weight of the evidence and not its competency or relevancy.

We must, however, remand on the basis of the third issue presented by the claimant. Claimant argues that the referee improperly allocated the burden of proof to the claimant. The Board recognized this in its opinion but affirmed regardless of this misapplication of the burden of proof stating that:

> While it is clear that the Referee's statement of the law is incorrect, we may nevertheless affirm the Referee. As the Court stated in Haney v. Workmen's Compensation Appeal Board, 65 Pa. Cmwlth. 461, 442 A.2d 1223, 1226 (1982): It has been held, however, that where a court makes a correct ruling, order, decision, judgment, or decree but assigns an erroneous reason for its action, an appellate court will affirm the action below where the correct basis for the ruling, order, decision, judgment, or decree is clear upon the record. (citation omitted). This court has held that the same rule of law applies when, as here, an administrative agency assigns an erroneous reason to a correct decision and the record clearly shows the correct basis for that decision. (citation omitted). As set forth above, the

record amply supports the decision of the referee and the Board when the correct standard of proof is applied.

The Board, as did the referee, misstated the applicable law. In *Haney* the issue was not, as it is here, whether the final decision of the referee was based on an error of law but whether the decision should stand when the reasoning supporting the final decision was not consistent with the applicable law but the applicable law was nevertheless applied. We held that, if the record amply supports the legal conclusions, the ruling would be affirmed despite the application of the erroneous reasoning. Here, neither this Court nor the Board can determine whether the referee would have arrived at the same conclusion had he correctly allocated the burden of proof. The referee made an error of law which had a direct bearing on his fact finding function. The Board usurped this function by making its own independent determination of whether the employer met its burden of proving that claimant's disability was work-related. The Board should have remanded the matter to the referee for reconsideration of the evidence based on the applicable burden of proof. *See George v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 23, 437 A.2d 521 (1981).

Thus, we remand. In deciding this we do not invade the province of the referee to determine credibility but direct merely that the referee consider the evidence again in light of the proper burden.

## ORDER

Now, May 21, 1987, the order of the Workmen's Compensation Appeal Board, at No. A-87133, dated July 26, 1984, is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.