531 A.2d 539

Dick Corporation and CNA Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Hill), Respondents.

Submitted on briefs May 18, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

428

*Charles G. Brown, Dickie, McCamey & Chilcote, P.C.,* for petitioners.

*Bruce E. Woodske,* for respondent.

OPINION BY JUDGE BARRY, September 18, 1987:

The Dick Corporation .(employer) and its worker's compensation insurance carrier, CNA Insurance Company, appeal an order of the Workmen's Compensation Appeal Board which affirmed a decision of a referee which awarded attorney's fees to the claimant, John Hill.

Claimant was employed by The Dick Corporation for over one year as a construction laborer. On March 20, 1983, the claimant was told while at work that he was being fired effective at the end of the shift. Before the shift ended, while carrying a ladder, claimant tripped and felt a sharp pain in his back and legs. Another worker, Archie Fetty, was nearby and, although he did not see the accident, he heard the ladder as it hit the ground. Fetty went immediately to the area and found claimant under the ladder with his legs crossed and twisted.

The claimant filed a claim petition. He presented by way of deposition the testimony of Dr. Michael Zernich,

an orthopedic surgeon, and Dr. John Gump, a chiropractor, who both opined that claimant was totally disabled as a result of the accident because of lower back strain. The employer presented no medical evidence; in fact, the employer's only testimony was that of two individuals who testified that the claimant had been discharged effective the end of the shift during which he was injured. The employer's entire defense was based on a theory that the claimant staged the accident to collect benefits in retaliation for his termination.

The referee, finding credible claimant's testimony concerning the accident and the doctors' testimony that claimant was disabled, awarded benefits and attorney's fees. The appellants appealed only the question of the attorney's fees. The Board affirmed and this appeal followed.

Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996, allows the referee to award a claimant attorney's fees when the employer has failed to present a reasonable contest on the question of the employer's obligation to pay benefits. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed or whether the necessary factual findings are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). Furthermore, the reasonableness of an employer's contest is a question of law, subject to our review. *Cleaver v. Workmen's Compensation Appeal Board (Wiley/Continental Food Service)*, 72 Pa. Commonwealth Ct. 487, 456 A.2d 1162 (1983).

Appellants rely upon *Jodon v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 54 Pa. Commonwealth Ct. 246, 420 A.2d 1137 (1980) and as-

sert that an error of law was committed when the referee and the Board each held that the employer had failed to present a reasonable contest. For the following reasons, we believe an affirmance of the Board's order is required.

In *Jodon*, the claimant had suffered from chronic lower back pain and had in fact attempted to obtain benefits under the employer's sickness and accident insurance, claiming the condition was not work related. She then filed a claim petition. She presented medical testimony wherein, based purely on subjective complaints of pain, the doctor testified that the claimant was totally disabled. The employer presented equivocal medical testimony on the question of disability. The employer also challenged the claimant's assertion that the injury was work related, pointing to the fact that she had applied for sickness and accident benefits. The referee awarded attorney's fees; the Board reversed. On appeal, we agreed with the Board that a reasonable contest had been presented, relying upon two factors. First, we recognized that the claimant's doctor's testimony on disability was based purely upon the subjective complaints of the claimant, the doctor having testified upon cross-examination that the injuries were not objectively ascertainable. Even more important was the fact that the claimant had applied for the sickness and accident benefits. As we stated:

> The injury complained of was not one that arose from an objectively ascertainable occurrence. This is not a case of a person falling or being struck by a piece of equipment, which possibly could have been evidenced, directly or circumstantially, by sources independent of the claimant. In the instant case, even the place and cause of the injury depend exclusively on the claimant's credibility for their proof. Further, the

medical opinion that the claimant was disabled by the injury was derived from the subjective complaints of the claimant. Therefore, that opinion also rested on the credibility of the claimant.

It is clearly within the referee's province to resolve the question of credibility in the claimant's favor. However, the employer had no obligation to retreat from contesting a case that depended solely on the claimant's credibility.

*Id.* at 251, 420 A.2d at 1139.

*Jodon,* however, is distinguishable from the present case for one very important reason. While there was no independent corroboration in *Jodon* that the injury was work related, Fetty, in the present case, heard the ladder fall and immediately went to the scene to find the claimant lying under the ladder in a contorted fashion. The existence of this independent evidence renders *Jodon* inapposite. Further, the employer presented no medical evidence that the claimant was not disabled. Under these circumstances, we believe the employer did not present a reasonable contest and that the award of attorney's fees was proper.

Affirmed.

### ORDER

Now, September 18, 1987, the order of the Workmen's Compensation Appeal Board, dated February 21, 1985, at No. A-87285, is affirmed.