585 A.2d 612

**Henry W. THISSEN, Jr., Petitioner**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HALL'S MOTOR TRANSIT and Home Indemnity Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 16, 1990.

Decided Jan. 11, 1991.

228

Fred H. Hait, Griffie & Associates, Carlisle, for petitioner.

Trudy H. McGraw, Post & Schell, P.C., Harrisburg, for respondents.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Henry W. Thissen, Jr. (Claimant) seeks review of the order of the Workmen's Compensation Appeal Board (Board) insofar as it reversed the referee's award of counsel fees in favor of Claimant and against Hall's Motor Transit (Employer) pursuant to Section 440 of The Pennsylvania

Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996.[1] The sole issue presented for our consideration on review is whether the Board erred in reversing the referee's finding of an unreasonable contest. We affirm.

Claimant, a truck driver for Employer, filed a claim petition for compensation alleging an aggravation of his pre-existing work-related back injury due to a change in his job duties; specifically, the inclusion of jockey work[2] in addition to his regular position as a city driver.[3] In response, Employer filed an answer denying liability.

1. Section 440 of the Act provides in pertinent part that:

   In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined shall be awarded, ... a reasonable sum for costs incurred for attorney's fee, ...: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established ...

2. In Finding of Fact No. 7, which we find supported by substantial evidence, the referee delineated the duties of a jockey driver as follows:

   The duties of a jockey driver basically are shuttling trailers back and forth in the yard of defendant's terminal and positioning them in the docks or yard so they can be loaded with freight. Generally the job does not require handling any freight. A special jockey wagon or tractor is used which is equipped with power steering, automatic transmission and air ride seats which are adjustable to cushion the jolting involved in hooking up and positioning the trailers. In an 8 hour day, a jockey driver moves approximately 50 to 60 trailers requiring the driver to get in and out of his tractor up to 250 times to perform the various duties involved in hooking and unhooking a trailer.

3. In Finding of Fact No. 3, likewise supported by substantial evidence, the referee described the duties of a city driver:

   As a city driver, claimant was required to hook a loaded trailer to his tractor and then make anywhere from 1 to 14 deliveries of merchandise and freight in an 8 hour shift travelling anywhere from ½ mile to 50 miles in a day. At each stop claimant was required to unload the customers [sic] order from the trailer or move it to the tailgate so the customer could pick it up. Freight which was on pallets would be moved by the customers [sic] forklift. Depending upon the amount of freight or the number of trucks unloading ahead of you, a driver may be anywhere from 15 minutes to 5 hours at one stop.

The referee, after hearing, accepted the testimony and opinion of Claimant's medical witness, accurately characterizing it as follows:

Claimant's medical witness, Dr. Frank S. Bryan, a Board certified orthopedic surgeon, who had treated claimant for his prior back injury and continued treating claimant after May 2, 1984 agreed that, while certain conditions applicable to jockeying, taken in isolation, may appear to make the job easier than city driving, such as, for example, power steering equipment on the jockey wagons, it nevertheless was the constant manuevering [sic] of the trailers, turning and twisting to see where you are going, shifting and braking for 8 hours a day that in the doctor's unequivocal opinion aggravated claimant's pre-existing back condition and that for the foreseeable future such activity should be avoided....

Finding of Fact No. 14.[4] Based thereon, the referee found that Claimant suffered a work-related aggravation of his pre-existing back condition. Conclusion of Law No. 3. Because Employer refused to excuse Claimant from performing the jockey work and otherwise failed to establish the availability of suitable work, the referee further found Claimant entitled to compensation for total disability [5], and upon concluding that Employer's contest was unreasonable, the referee directed Employer to pay Claimant's counsel fees. Findings of Fact Nos. 9–10; Conclusions of Law Nos. 4–5; 7/8/85 Order.

**4.** In Finding of Fact No. 13, the referee also summarized the contents of a letter dated June 11, 1984 which was noted by Claimant's medical witness and authored by Dr. John S. Kruper, an orthopedic surgeon who examined Claimant at Employer's request. The referee stated in relevant part that Dr. Kruper advised Employer "that the jockeying of trucks aggravated claimant's back." In fact, Dr. Kruper stated, "I *suspect* that the jockeying of trucks ... aggravated [Claimant's] back." (Emphasis added.)

**5.** *See Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987) (a partially disabled claimant is entitled to total disability benefits where his or her employer fails to establish that work was actually available to the claimant within the claimant's physical limitations).

Thereafter, Employer appealed the referee's July 8, 1985 decision to the Board, challenging the finding of an unreasonable contest and award of counsel fees to Claimant. In the alternative, Employer requested a rehearing or remand based upon an alleged subsequent admission by Claimant that his disability was not work-related.[6] Because the Board granted Employer a rehearing and remanded the matter to the referee for purposes of taking additional evidence, the Board declined to address the issues raised by Employer's appeal.

After further proceedings consistent with the Board's directive, the referee reaffirmed the prior order of July 8, 1985, including the finding of an unreasonable contest and award of counsel fees to Claimant.[7] Upon receiving the referee's decision on remand, Employer again appealed to the Board and also filed a separate petition for rehearing or remand not relevant to our disposition. In its appeal, Employer contended that the referee erred in finding no reasonable basis for its contest. The Board responded as follows:

The Defendant [Employer] also argues that ... the Referee erred in finding no reasonable basis for the contest.

6. Employer had been served with a complaint filed by Claimant pursuant to Sections 1–13 of the Pennsylvania Human Relations Act (PHRA), Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951–963, which, according to Employer, contained an admission that Claimant's disability was not work-related. Therein, Claimant averred that Employer had unlawfully refused to accommodate him due to his "non-job related handicap/disability" as that term is used in the PHRA inasmuch as he was able to perform the essential functions of the city driver position.

7. As to Claimant's alleged admission which triggered the rehearing and remand, the referee found that the term "non-job related" as used in the PHRA refers to a handicap or disability that does not substantially interfere with the performance of essential employment tasks; whereas, the same or similar term in workers' compensation cases signifies that an employe's injury and disability did not arise in the course of his or her employment and is not related thereto. Findings of Fact Nos. 8–15. Because this term is defined differently under the PHRA and the Act, the referee concluded that Claimant's statements in his PHRA proceedings did not constitute an admission that the aggravation of his pre-existing back condition was not work-related for purposes of his workers' compensation case. *See* Conclusion of Law No. 2.

The Referee based his decision on the lack of medical evidence.

. . . .

This ... ignores the main basis for the defense, the credibility of the Claimant. Although the Referee ultimately found the Claimant to be credible, we believe that it was surely reasonable for the defense to challenge his credibility. We cannot conclude as a matter of law that the defense was undertaken merely to harass the Claimant; we find the defense to be reasonable.

Board's Opinion, pp. 4–5.

Section 440 of the Act, 77 P.S. § 996, contemplates an award of counsel fees to a claimant, in whose favor the matter has been finally determined, unless the record demonstrates that the employer's contest of liability was reasonably based. *Jodon v. Workmen's Compensation Appeal Board*, 54 Pa.Commonwealth Ct. 246, 420 A.2d 1137 (1980). It is, of course, for the employer to establish such a reasonable basis. *MacNeill v. Workmen's Compensation Appeal Board (Denny's, Inc.)*, 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988).

■ Whether or not there exists a reasonable basis for an employer's contest of liability, although dependent upon both the facts and legal issues involved, is ultimately a question of law. *Jodon.* As such, it is within the Board's power to reverse a referee's conclusion as to whether or not a contest was reasonable and it is within our scope of review to examine the Board's conclusion. *Cleaver v. Workmen's Compensation Appeal Board (Robert E. Wiley/Continental Food Service)*, 72 Pa.Commonwealth Ct. 487, 456 A.2d 1162 (1983).

■ Reasonableness of an employer's contest depends on whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant. *White v. Workmen's Compensation Appeal Board (Gateway Coal Co.)*, 103 Pa.Commonwealth Ct. 397, 520 A.2d 555 (1987).

"An issue of credibility is a legitimate and reasonable subject of inquiry and challenge," *Cleaver*, 72 Pa.Commonwealth Ct. at 490, 456 A.2d at 1164, and where the evidence lends itself to contrary inferences, an employer's contest may be adjudged reasonable. *Landis v. Workmen's Compensation Appeal Board*, 43 Pa.Commonwealth Ct. 491, 402 A.2d 723 (1979).

Here, Employer asserts that Claimant's credibility was an issue from the inception of this case and that there existed a genuinely disputed issue as to Claimant's ability to perform city driving but not jockey work. Employer points to evidence of record consisting of its cross-examination of Claimant and Claimant's medical witness as well as testimony of one of Claimant's co-workers to support the reasonableness of its contest.

The evidence upon which Employer relies indicates that jockey work is less strenuous than city driving in some respects, N.T. 8/21/84, pp. 28–31, 44, 46–50, 54–55, and that jockey work is preferable to city driving to the extent that the jockey wagon is equipped with power steering and air seats. Dr. Bryan's Deposition, pp. 16–18. In fact, Claimant's co-worker testified that he preferred jockey work to city driving because it was "easier" and involved "less physical labor." N.T. 8/21/84, pp. 49–50, 54–55. Particularly noteworthy is the following exchange between Employer's counsel and Claimant's physician:

Q. Doctor, would it be fair to say that your opinion with regard to Mr. Thissen's performance of jockey work is in response to his subjective reaction to the performance of that work?

A. Yes.

Dr. Bryan's Deposition, p. 23.

In our view, Claimant's inability to perform jockey work, the central issue here, depended exclusively on Claimant's credibility. Likewise, the medical opinion that Claimant could not perform such work derived from Claimant's subjective reaction and, as such, also rested on Claimant's credibility. Where a case depends solely on a claimant's

credibility, an employer is not required to retreat from contesting liability, *Jodon,* particularly when the employer, as here, also presents some evidence tending to cast doubt on Claimant's credibility.

It goes without saying that the question before us is not whether the referee accepted Employer's evidence but whether that evidence provided a reasonable basis for contesting the claim. *Spatola & Thompson v. Workmen's Compensation Appeal Board,* 43 Pa.Commonwealth Ct. 137, 401 A.2d 877 (1979). We conclude that it does inasmuch as Employer's evidence can be reasonably viewed as raising a justifiable challenge to Claimant's credibility on the issue of his capacity to perform city driving but not jockey work.

As recognized by the Board, the fact that Employer did not adduce medical evidence does not render Employer's basis for contest unreasonable where Employer relied on its cross-examination of Claimant and Claimant's medical witness as well as testimony of one of Claimant's co-workers. *See Cleaver; United States Steel Corp. v. Workmen's Compensation Appeal Board,* 55 Pa.Commonwealth Ct. 250, 422 A.2d 1243 (1980). In short, this is not a case where an employer failed to present any, or presented clearly insubstantial, evidence in furtherance of its defense. Accordingly, we find no error by the Board and will affirm its order.

## ORDER

AND NOW, this 11th day of January, 1991, the order of the Workmen's Compensation Appeal Board, dated June 21, 1990, at Docket No. A–95907, is affirmed.