604 A.2d 767

**BERKS COUNTY HOME, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (SCHNABLE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 3, 1992.

Decided Feb. 19, 1992.

Frank L. Tamulonis, Jr., for petitioner.

Jon S. Malsnee, for respondent.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Berks County Home (BCH) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's setting aside the final receipt and awarding medical benefits to Carol A. Schnable (Claimant), and assessing attorney's fees and penalties against BCH. We vacate and remand.

Claimant is employed by BCH as a physical therapy aide. She sustained a work-related injury on May 11, 1988, and received disability benefits from May 12, 1988, until July 24, 1988. Claimant returned to work on July 25, 1988, after her treating physician, Gary C. Canner, M.D., signed a return-to-work release. Claimant then signed a final receipt, although she still had pain and began to receive physical therapy provided by BCH.

On April 25, 1989, Claimant filed a reinstatement petition which was later amended to a petition to set aside final receipt when BCH refused to pay medical bills related to her work injury after she signed the final receipt. BCH requested a supersedeas which the referee denied. However, BCH still refused to pay Claimant's medical bills. Claimant then requested penalties against BCH for unreasonably refusing to pay her medical expenses after the referee denied BCH's request for supersedeas.

After receiving Claimant's testimony and the testimony of Janet Dengler, BCH's employee who handles workmen's

compensation claims, the referee directed the parties to (1) exchange medical reports by September 5, 1989; and (2) notify him whether they planned to proceed with depositions or to rely solely on the medical reports. Before the final hearing Claimant presented medical reports from five doctors and from various hospitals. These reports were forwarded to BCH, but BCH did not likewise comply with the referee's direction to exchange the reports. However, at the final hearing BCH requested that Claimant's treating physician be deposed. Only after the referee denied this request did BCH submit Dr. Canner's return-to-work release, his initial office notes and report, and two reports from B. Michael Kraynick, M.D.

On February 13, 1990, the referee set aside the final receipt, directed the payment of Claimant's medical expenses totalling $1,849.00, assessed penalties against BCH for unreasonable delay, and assessed attorney's fees against BCH for unreasonable contest. The Board affirmed and BCH now appeals to this Court.[1]

BCH argues that the Board erred in affirming the referee's decision because (1) the referee neither credited nor discredited its expert,[2] and (2) the record submitted to the Board and to this Court contained neither Dr. Kraynick's two reports nor the reports of Claimant's experts.

It is well settled that the referee may accept or reject, in whole or in part, any testimony of any witness, including medical witnesses. *Mrs. Smith's Frozen Food Co. v. Workmen's Compensation Appeal Board (Clouser)*,

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the referee's findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

2. The referee's Finding of Fact No. 7 states that Claimant "was seen at defendant's request by Dr. Kraynick on August 8, 1989." The referee never mentions Dr. Kraynick's examination of Claimant. Although the referee's decision refers to Claimant's medical experts' reports throughout, these reports are not part of the record which has been transmitted to this Court. See Pa.R.A.P. 1951, which provides that this Court may direct that omissions be corrected and that a supplemental record be prepared and filed.

114 Pa.Commonwealth Ct. 382, 539 A.2d 11 (1988). However, with a record devoid of any medical evidence, this Court cannot determine whether the referee received or reviewed the reports allegedly submitted by the parties. While this Court appreciates the inclusion of copies of these various documents appended to the parties' briefs, we cannot rely on their authenticity nor accept them as a part of the record. Furthermore, without a complete record the referee could not have fulfilled his duty as factfinder. *Alan Wood Steel Co. v. Carbo*, 22 Pa.Commonwealth Ct. 301, 359 A.2d 471 (1975).

The Board's scope of review is the same as that of this Court. *Moonblatt v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 85 Pa.Commonwealth Ct. 128, 481 A.2d 374 (1984). Without the entire record before it, the Board could not have properly performed its review. *John Curry, Inc. v. Workmen's Compensation Appeal Board (Adams)*, 97 Pa.Commonwealth Ct. 127, 508 A.2d 1317 (1986). Since this Court did not receive a complete record, we cannot assume that the record received by the Board contained the necessary medical reports for a proper review. Any inferences the Board drew from reports attached to the parties' briefs cannot be used as a basis for affirming the referee's decision. *Del Penn Steel Corp. v. Workmen's Compensation Appeal Board*, 8 Pa.Commonwealth Ct. 226, 302 A.2d 875 (1973).

Accordingly, we vacate and remand with instructions to the Board to remand to the referee so that the missing reports and documents can be formally included in the record and to perform a proper review utilizing the complete record.[3]

## ORDER

AND NOW, this 19th day of February, 1992, the order of the Workmen's Compensation Appeal Board in the above-

3. Without a complete record before this Court, we cannot reach the other issues raised by BCH in its appeal.

captioned matter is hereby vacated and remanded in accordance with the foregoing opinion.

Jurisdiction relinquished.