Yvonne THOMAS, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DRESS BARN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 1, 1995.
Decided Feb. 16, 1996.
Reargument Denied March 28, 1996.

Robert A. Sloan, for Petitioner.

Ernest J. Bernabei, III, for Respondent.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Yvonne Thomas (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (WCAB) affirming the decision of a referee[1] which awarded compensation to Claimant for a fifteen-week period.

Claimant was employed by Dress Barn (Employer) as a salesperson and stock worker when, on May 31, 1989, Claimant slipped on a plastic bag and fell while in the course of her employment. As a result, Claimant sustained an injury to her lower back, right shoulder and buttocks. (Referee's Findings of Fact, Nos. 1, 3.) Claimant gave proper notice of her work-related injury to Employer's manager and sought treatment at a hospital emergency room. Several days later, Claimant sought further treatment from Barry A. Koch, D.O. Claimant has not returned to work since the injury. (Referee's Findings of Fact, Nos. 4, 5, 7.)

On June 27, 1989, Employer issued a Notice of Workmen's Compensation Denial, denying compensation because "Claimant did not sustain a work related accident." (R.R. at 36.) At Employer's request, Jeffrey Malumed, M.D., conducted an independent medical examination of Claimant on August 21, 1995. (R.R. at 104.) Dr. Malumed issued a medical report on that same date, stating that Claimant sustained a mild lumbar sprain as a result of the May 31, 1989 accident, and that Claimant should be able to return to work within two weeks. (R.R. at 135.)

Four days later, on August 25, 1989, Claimant filed a Claim Petition, alleging that she is totally disabled due to the work-related injury of May 31, 1989. Employer filed an answer denying "without knowledge" the material allegations of the petition, (R.R. at 3), and a hearing was held before a referee.

At the hearing, Claimant testified on her own behalf and presented the deposition of Dr. Koch. Dr. Koch testified that Claimant suffered from a contusion to her lower back, a sprain to her lumbosacral area, a somatic dysfunction subsequent, a secondary cervical sprain, and right shoulder injuries. (Referee's Finding of Fact, No. 8.) Dr. Koch further testified that these were soft-tissue injuries, which he treated with physical therapy. (Referee's Findings of Fact, Nos. 9, 10.) Dr. Koch opined that the injuries were work-related and that, from May 31, 1989 to December 1, 1989, Claimant could not perform her normal job duties because of these injuries. (Referee's Finding of Fact, No. 8.)

In opposition, Employer offered the deposition testimony of Dr. Malumed, who stated that Claimant sustained a soft-tissue injury

---

1. Referees are now called Workers' Compensation Judges under the new amendments to the Workers' Compensation Act effective August 31, 1993. However, because this case was before the referee prior to the effective date of those amendments, we will refer to the referee as such and not as Workers' Compensation Judge.

to her lower back and shoulder, and that, as of the date of his exam, the injury had resolved to the extent that Claimant could return to work without restriction after two weeks of active stretching exercises. Dr. Malumed further testified that the physical therapy which Claimant had received for her injuries was not reasonable, necessary or correct. (Referee's Findings of Fact, Nos. 11–12.)

Upon consideration of the evidence, the referee found that Claimant sustained a work-related soft-tissue injury to her lower back and right shoulder on May 31, 1989, and that the injury was not permanent in nature. (Referee's Finding of Fact, No. 13.) Concerning the extent of the injury, the referee accepted the testimony of Dr. Malumed and found that Claimant's injury had resolved to the extent that she could return to work within two weeks of the August 21, 1989 examination. (Referee's Finding of Fact, No. 14.) Thus, the referee awarded Claimant $133.00 per week in compensation benefits, based on an average weekly wage of $135.67, for fifteen weeks from the date of the injury. (Referee's Conclusion of Law, No. 2.)

In addition, the referee found that the medical treatment given to Claimant during the fifteen weeks following her injury was reasonable and necessary, and that Employer should reimburse Claimant for medical bills incurred during that period of time. However, the referee also found that medical treatment given to Claimant *after* the fifteen-week period was *not* reasonable and necessary. (Referee's Finding of Fact, No. 16.) Finally, the referee found that Employer established a reasonable contest to Claimant's Claim Petition and, therefore, Employer was not obligated to pay Claimant's attorney fees. (Referee's Finding of Fact, No. 18.)

Claimant appealed to the WCAB, which affirmed the decision of the referee. Claimant then appealed to this court; however, because the WCAB granted Claimant a re-

hearing, we remanded the case. Upon remand, the WCAB again affirmed the decision of the referee.

■ On appeal to this court,[2] Claimant argues that the WCAB erred in affirming the referee's decision because: (1) Dr. Malumed's testimony does not constitute substantial competent evidence that Claimant could return to work two weeks after Dr. Malumed examined Claimant; (2) Employer had no basis for its contest when it issued the Notice of Workmen's Compensation Denial and, thus, is liable for Claimant's attorney fees; (3) Employer is liable for all medical bills incurred from the time of Claimant's injury until the date of the referee's decision, whether or not the treatment was reasonable and necessary; and (4) the record does not contain substantial evidence to support the referee's finding that Claimant's average weekly wage was $135.67.

## I.

■ In a claim proceeding, the claimant bears the burden of establishing a right to compensation and of proving all necessary elements to support an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). This means that the claimant must prove both the existence and the continuation of a work-related injury which resulted in a loss of earning power. *Rossi v. Workmen's Compensation Appeal Board (City of Hazleton)*, 164 Pa.Cmwlth. 233, 642 A.2d 1153, *appeal denied*, 539 Pa. 660, 651 A.2d 545 (1994).

Here, Claimant offered the testimony of Dr. Koch to establish that Claimant's work-related injury continued until at least December 1, 1989. However, the referee rejected this testimony and, instead, accepted the testimony of Dr. Malumed that Claimant could return to work two weeks after Dr. Malumed's examination of Claimant.

Claimant, however, contends that, because Dr. Malumed could not say that Claimant

---

**2.** Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Berks County Home v. Workmen's Compensation Appeal Board (Schnable)*, 145 Pa.Cmwlth. 582, 604 A.2d 767 (1992).

was able to return to work without restriction as of the date of his examination of Claimant and because Dr. Malumed merely presumed that Claimant would be able to return to work without restriction two weeks thereafter, his testimony does not constitute substantial competent evidence to support the referee's finding in that regard.

■ For a medical witness's testimony to be considered unequivocal and competent, a necessary foundation must be provided upon which the medical witness bases his opinion. *Whiteside v. Workmen's Compensation Appeal Board (Unisys Corp.)*, 168 Pa.Cmwlth. 488, 650 A.2d 1202 (1994), *appeal denied,* — Pa. —, 664 A.2d 978 (1995).

■ Dr. Malumed wrote in his August 21, 1989 medical report that Claimant "should be" able to return to work in two weeks. Dr. Malumed based that opinion on his understanding that Claimant's job duties consist mostly of walking and his observation that Claimant could walk normally with minimal pain, discomfort or limp.[3] (R.R. at 135.) However, Claimant testified that her job duties include stock work, which involves lifting boxes of merchandise that weigh from thirty to fifty pounds, carrying the boxes from room to room and bending to unpack merchandise. Claimant estimated that she handles from three to sixteen boxes in one day and, depending on the number of boxes, she might have to be bending all day long. (R.R. at 9–11.) Unfortunately, the referee made no finding with respect to the physical demands of Claimant's job duties. Thus, we cannot determine whether Dr. Malumed had a proper basis for his opinion; as a result, we must remand this case for findings and conclusions concerning Claimant's job duties.[4]

## II.

Claimant also argues that, because Employer had no basis for its contest when it issued the Notice of Workmen's Compensation Denial, Employer is liable for Claimant's attorney fees.

■ Section 440 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996 (emphasis added), states in pertinent part:

> In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined *shall be awarded,* in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee ...: Provided, That cost for *attorney fees may be excluded when a reasonable basis for the contest has been established.*

The employer has the burden of presenting sufficient evidence to establish a reasonable basis for the contest. *Striker v. Workmen's Compensation Appeal Board (California Univ. of Pa.)*, 168 Pa.Cmwlth. 298, 650 A.2d 1109 (1994). Whether the employer has established a reasonable basis for the contest is a question of law subject to review by this court. *Id.* The existence of an issue as to the claimant's credibility or the degree of the claimant's disability may provide a reasonable basis for a contest. *Thissen v. Workmen's Compensation Appeal Board (Hall's Motor Transit)*, 137 Pa.Cmwlth. 227, 585 A.2d 612, *appeal denied,* 528 Pa. 619, 596 A.2d 802 (1991); *Chmiel v. Workmen's Compensation Appeal Board*, 65 Pa.Cmwlth. 310, 442 A.2d 398 (1982).

Here, Claimant notified Employer that, on May 31, 1989, she slipped and fell at work. Employer issued a Notice of Compensation Denial on June 27, 1989, stating: "Claimant did not sustain a work related accident."[5]

---

3. Dr. Malumed testified: "Mostly what she told me about her job was that she was standing on *her feet and walking around.* I don't remember if she said anything about lifting requirements or not." (R.R. at 105.) Dr. Malumed also testified that, although Claimant was limping when she came into his office, she had no limp when she left. (R.R. at 109.)

4. On remand, if the WCJ finds that Claimant's job duties involve lifting up to sixteen boxes

weighing as much as fifty pounds each day, then Dr. Malumed's opinion is not based on fact and, therefore, is not competent to support the referee's finding that Claimant could return to work without restriction two weeks after Dr. Malumed's examination of Claimant.

5. Section 406.1 of the Act, 77 P.S. § 717.1, states in pertinent part:

> The employer and insurer shall promptly investigate each injury reported or known to the

(R.R. at 36.) Thus, Employer initially challenged Claimant's credibility concerning the occurrence of the slip and fall at work. We must determine whether Employer had a reasonable basis for doing so. *Thissen.*

Although Employer had the burden of proving a reasonable basis for its contest, Employer presented no testimony or evidence to dispute Claimant's account of the slip and fall at work. Moreover, after examining Employer's cross-examination of Claimant at the October 10, 1989 hearing, we can discern no reasonable basis for Employer's questioning of Claimant's injury report.

Furthermore, Employer asked Dr. Malumed to conduct an independent medical examination of Claimant, which he did on August 21, 1989. (R.R. at 104.) On that same date, Dr. Malumed wrote a medical report and sent it to Employer's insurer,[6] stating that Claimant sustained a work-related injury on May 31, 1989 and that Claimant could not return to work for two weeks. (R.R. at 135.) Still, Employer did not admit its liability to Claimant for compensation. Indeed, on September 27, 1989, Employer responded to Claimant's Claim Petition, filed August 25, 1989, denying "without knowledge" that Claimant sustained a work-related injury. (R.R. at 3.)

■ Here, Employer's own medical expert had informed Employer on August 21, 1989 that Claimant sustained a work-related injury and could not return to work for *two weeks.* Claimant's Claim Petition, filed *four days* later, stated that Claimant was disabled due to the injury from May 31, 1989 to the present, i.e., August 25, 1989, within the two week period. (R.R. at 2.) Under this set of circumstances, we conclude that Employer's

contest of Claimant's Claim Petition was unreasonable.[7]

### III.

Claimant next argues that Employer is liable for all medical bills incurred from the time of Claimant's injury until the date of the referee's decision, whether or not the treatment was reasonable and necessary. Because we are remanding this case for additional findings and conclusions which could alter the referee's determination with respect to the extent of Claimant's disability, we decline to address this issue now.

### IV.

■ Finally, Claimant argues that the referee's finding that Claimant's average weekly wage was $135.67 is based on erroneous computations. We agree.

Section 309(d) of the Act, 77 P.S. § 582(d) (emphasis added), states in pertinent part:

> (d) If at the time of the injury the wages are fixed by the day, hour, or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of thirteen consecutive calendar weeks in the fifty-two weeks *immediately preceding the injury* . . . .

Here, the referee found that Claimant's average weekly wage was $135.67 based on the Statement of Wages presented by Employer. (R.R. at 138.) However, at the October 10, 1989 hearing, Claimant's counsel pointed out that the average weekly wage contained in

---

employer and shall proceed promptly to commence the payment of compensation due . . . . The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability.

. . . .

If the insurer controverts the right to compensation it shall promptly notify the employe . . . stating the grounds upon which the right to compensation is controverted . . . .

6. Employer's insurer is Atlantic Mutual Company. (*See* R.R. at 3, 134.)

7. It is true that, as litigation went forth, an issue arose as to the extent of Claimant's disability. However, at the time when Employer actually contested Claimant's petition, Employer did not raise that issue. Instead, Employer insisted that it had *no knowledge* that Claimant sustained a work-related injury, essentially maintaining its position that Claimant's report of an accident was not credible. (R.R. at 3.) As stated above, Employer did not demonstrate that there was a reasonable basis to question Claimant's credibility.

the Statement of Wages was based on a March 25, 1989 injury date, not May 31, 1989. Employer then promised to provide a corrected Statement of Wages; however, Employer failed to do so. (R.R. at 30–31.) Knowing that the Statement of Wages was incorrect, the referee nevertheless found that Claimant's average weekly wage was $135.67. We must now remand this case for the taking of additional evidence regarding Claimant's average weekly wage and the making of additional findings and conclusions in that regard.

### V.

Because Employer had no reasonable basis to contest Claimant's Claim Petition, we reverse the WCAB order affirming the referee in that regard and award attorney fees to Claimant under section 440 of the Act. Because the referee failed to make findings concerning the physical demands of Claimant's job duties and because the referee erred in calculating Claimant's average weekly wage, we remand this case for findings and conclusions related thereto.

### *ORDER*

AND NOW, this 16th day of February, 1996, the order of the Workmen's Compensation Appeal Board, at A91–1692, dated March 31, 1995, is reversed with respect to its conclusion that there was a reasonable basis for the contest. Concerning all other matters, the order is vacated and this case is remanded for the taking of evidence regarding the claimant's average weekly wage and the making of findings and conclusions consistent with this opinion.

Jurisdiction relinquished.

SILVESTRI, Senior Judge, joins in remand only to determine average weekly wage and dissents as to the reversal of there being a reasonable contest since he believes the contest by employer was reasonable.