**BALL INCON GLASS PACKAGING and American Motorists Insurance, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LENTZ), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 26, 1996.

Decided Aug. 29, 1996.

James R. Schmitt, for Petitioner.

No appearance entered for Respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

Ball Incon Glass Packaging and American Motorists Insurance (Employer) appeals from an order of the Workmen's Compensation Appeal Board (WCAB) which affirmed in part the decision of a Workers' Compensation Judge (WCJ) to reinstate the benefits of Carlton E. Lentz, Sr. (Claimant).[1] We affirm in part and reverse in part.

Claimant, born March 15, 1930, worked for Employer as a laborer for forty-two years without an injury. However, on February 19, 1987, Claimant was operating a payloader, and, while getting down from it, he twisted his right ankle and fell on a concrete or asphalt surface. Although Claimant's right ankle was swollen and his right leg ached from his hip to his ankle, Claimant continued to work. (WCJ's op. at 4; WCJ's Findings of Fact, Nos. 5(a)-(b), 5(d).)

After three weeks, when Claimant's symptoms did not improve, he consulted his family physician, who took x-rays which revealed that Claimant had fractured his right leg just below the knee. When Claimant complained about the injury to Employer, Employer sent Claimant to be examined by Robert S. Supinski, M.D., an Orthopedic Surgeon.[2] Dr. Supinski also took x-rays and, on March 24, 1988, performed arthroscopic surgery on Claimant's right ankle. Thereafter, Claimant received workers' compensation benefits pursuant to a Notice of Compensation Pay-

---

1. The WCAB reversed the WCJ's award of travel expenses for medical treatment in the amount of $325.68 but affirmed the WCJ's decision in all other respects. Claimant does not appeal the WCAB's reversal.

2. Claimant had previously complained about the pain to Employer; Employer sent Claimant to another physician, who took x-rays and found nothing wrong with Claimant. (WCJ's op. at 5; WCJ's Finding of Fact, No. 5(f).)

able. (WCJ's op. at 4–5; WCJ's Findings of Fact, Nos. 5(e), 5(g)-(h), 7(e).)

After the surgery, Claimant continued to experience pain in his right leg. Dr. Supinski told Claimant that he would have to live with the pain. However, the doctor prescribed a leg brace, and, on August 15, 1988, Claimant returned to work wearing the leg brace. On October 4, 1988, the parties entered into a Supplemental Agreement suspending benefits as of August 15, 1988. (WCJ's op. at 5; WCJ's Findings of Fact, Nos. 5(j), (p), 7(f), (i).)

On January 24, 1990, because of continued pain and swelling in Claimant's right leg and ankle, Dr. Supinski ordered a CAT scan and myelogram. The tests revealed that Claimant had a nerve root compression at L5/S1, i.e., a disc pressing on the sciatic nerve. When Dr. Supinski discussed the results of these tests with Claimant in February 1990, it was the first time that Claimant knew that a back problem was causing his leg pain. On September 4, 1990, Dr. Supinski performed back surgery which eliminated the pain in Claimant's right leg. (WCJ's op. at 5; WCJ's Findings of Fact, Nos. 5(*l*)-(o), 7(m)-(n).)

On March 21, 1990, Claimant wrote to Employer's insurance carrier and enclosed a two-page medical report, written by Dr. Supinski, which clearly stated the doctor's opinion that Claimant's back condition was caused by his February 19, 1987 work-related injury. (WCJ's Finding of Fact, No. 25; see R.R. at 314a–16a.) On April 25, 1990, Claimant filed a Petition for Reinstatement, alleging that he had a herniated disc which resulted from his February 19, 1987 work

injury. (WCJ's Finding of Fact, No. 1.) Employer filed a timely answer denying that the herniated disc was related to Claimant's work injury and asserting that such a claim was barred by sections 311 and 315 of the Workers' Compensation Act (Act).[3] (WCJ's Findings of Fact, Nos. 2, 8.)

Employer hired Dorothy Greendige, R.N., of Central Rehabilitation Associates, Inc. (Central Rehab) to monitor Claimant's case. Nurse Greendige interviewed Dr. Supinski and, in a two-page report to Employer's insurance carrier dated June 5, 1990, explained to Employer Dr. Supinski's medical opinion. (WCJ's Finding of Fact, No. 26; see R.R. at 319a–20a.)

Employer then sought an independent medical evaluation from Robert K. Penman, M.D., who examined Claimant on June 15, 1990. Dr. Penman reported to Employer on June 20, 1990 that Claimant "could have sustained a twisting injury to the back the same time he injured the ankle due to the mechanism of the ankle injury." (WCJ's Finding of Fact, No. 27; R.R. at 327a.) Central Rehab then sent a second report to Employer's insurance carrier explaining that, based on an independent medical opinion, Claimant's back condition is related to his work injury. (WCJ's Finding of Fact, No. 27; R.R. at 321a–22a.)

Eventually, hearings were held before a WCJ. At the hearings, Claimant testified on his own behalf and presented the deposition testimony of Dr. Supinski. Dr. Supinski opined that Claimant sustained two separate injuries on February 19, 1987, a right leg injury and a back injury. Dr. Supinski further opined that, because each injury caused

---

3. Section 311 of the Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 631 (emphasis added), states in pertinent part:

> [U]nless ... notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.... However, in cases of injury resulting from ... any ... cause in which the nature of the injury or its relationship to the employment is not known to the employe, *the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.*

Section 315 of the Act, 77 P.S. § 602 (emphasis added), provides in pertinent part:

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article.... *Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition. ...*

pain in Claimant's lower right extremity, the pain from the one problem masked the other. (WCJ's Finding of Fact, No. 7(o).)

Employer presented the deposition testimony of Barry L. Riemer, M.D., a Board Certified Orthopedic Surgeon, who examined Claimant for Employer on May 6, 1991. Dr. Riemer opined that none of Claimant's spinal problems were related to the February 19, 1987 work injury. (WCJ's Finding of Fact, No. 10.)

Upon consideration of the evidence, the WCJ accepted the testimony of Dr. Supinski and rejected that of Dr. Riemer. Thus, the WCJ reinstated Claimant's benefits. The WCJ also concluded that: (1) Employer failed to prove a reasonable basis for its contest and awarded attorney fees to Claimant under section 440 of the Act;[4] (2) Employer caused unreasonable and excessive delay in the handling of the case and assessed a ten percent penalty against Employer under section 435 of the Act;[5] and (3) Claimant was entitled to reimbursement for travel expenses for medical treatment.

■ Employer appealed to the WCAB, which reversed the WCJ's decision to award travel expenses for medical treatment but affirmed the WCJ's decision in all other respects. Subsequently, Employer asked the WCAB to remand the case to the WCJ for an additional hearing so that Employer could present after-discovered medical evidence; however, the WCAB denied the request because Employer's new evidence would be cumulative. Employer now appeals to this court.[6]

On appeal, Employer argues that the WCAB erred in affirming the WCJ's reinstatement of benefits, award of attorney fees

and imposition of a penalty. Employer also contends that the WCAB abused its discretion in denying its request for a rehearing for the presentation of after-discovered evidence.

### I.

■ Employer first argues that Claimant is not entitled to a reinstatement of benefits because Claimant failed to provide timely notice of his back injury pursuant to section 311 of the Act. We disagree.

Section 311 of the Act, 77 P.S. § 631, provides that notice of an injury must be given within 120 days of the occurrence of the injury. However, in cases of an injury resulting from any cause in which the nature of the injury or its relationship to the employment is not known to the employee, the time for giving notice shall not begin to run until the employee knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

Here, the WCJ found that Claimant did not know about the existence of his back injury or its relationship to his employment until February 1990, when Dr. Supinski discussed with him the results of the CAT scan and myelogram. (WCJ's Finding of Fact, No. 5(m).) Employer does not challenge this finding. Claimant filed his Petition for Reinstatement on April 25, 1990, which is within 120 days of February 1990. Therefore, Claimant gave timely notice of his back injury.

Employer's contrary position is based on this court's holding in *Pennsylvania Mines Corporation/Greenwich Collieries v. Workmen's Compensation Appeal Board (Mitchell)*, 166 Pa.Cmwlth. 58, 646 A.2d 28 (1994).

---

4. Section 440 of the Act, 77 P.S. § 996, states that the cost of attorney fees may be excluded where the employer or insurer has established a reasonable basis for the contest.

5. Section 435 of the Act provides in pertinent part as follows:

   (d) [A]ny court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or

such rules and regulations or rule of procedure [promulgated under this Act].
77 P.S. § 991.

6. Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Berks County Home v. Workmen's Compensation Appeal Board (Schnable)*, 145 Pa.Cmwlth. 582, 604 A.2d 767 (1992).

In that case, we held that, where a claimant sustains two separate and distinct injuries on the same date, the claimant must give the employer notice of both injuries so that the employer has a full opportunity to investigate them at the time of the accident. However, unlike here, the claimant in *Pennsylvania Mines Corporation/Greenwich Collieries* knew about the existence of both injuries and their possible relationship to his employment at the time of the accident.[7] Thus, the holding in that case is not applicable here.

## II.

■ Employer next argues that the WCAB erred in affirming the WCJ's award of attorney fees for an unreasonable contest. We agree.

■ Section 440 of the Act, 77 P.S. § 996, states that the cost of attorney fees may be excluded where the employer or insurer has established a reasonable basis for the contest. The reasonableness of an employer's contest depends on whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant.[8] *Thissen v. Workmen's Compensation Appeal Board (Hall's Motor Transit)*, 137 Pa.Cmwlth. 227, 585 A.2d 612, *appeal denied*, 528 Pa. 619, 596 A.2d 802 (1991). An issue of credibility is a legitimate and reasonable subject of inquiry and challenge. *Id.* In addi-

tion, an employer establishes a reasonable contest when the record contains conflicting medical evidence. *North Philadelphia Aviation Center v. Workmen's Compensation Appeal Board (Regan)*, 121 Pa.Cmwlth. 633, 551 A.2d 609 (1988).

In this case, the record shows that Employer paid benefits to Claimant for a February 19, 1987 ankle injury, and Claimant returned to work without loss of wages on August 15, 1988. In 1990, three years after the accident, Employer received notice for the first time that Claimant also injured his back when he fell on February 19, 1987 and, as a result, needed back surgery. At the time of the injury, Claimant had been examined by his family physician and by two other doctors, and none of them had found a problem with Claimant's back. Now, Dr. Supinski, one of those doctors, believed that Claimant required surgery for a back injury that was related to the 1987 accident. Under these circumstances, we believe that it was reasonable for Employer to initially question the credibility of Claimant's assertions.[9]

Subsequently, in a letter to Employer dated November 21, 1990, Dr. Riemer stated that he had reviewed Claimant's medical records, and that, within a reasonable degree of medical certainty, Claimant's back problems are "completely and unequivocally unrelated to the February 19, 1987 accident."[10]  (R.R.

---

7. In *Pennsylvania Mines Corporation/Greenwich Collieries*, the claimant sustained a work-related injury to his *lower back* on April 23 1980 and received benefits for that injury until October 10, 1980. On February 1, 1988, the claimant sustained a second work-related injury, this time to his left hand *and lower back*. However, instead of telling his employer that he sustained a new back injury, the claimant told employer that his back condition was a recurrence of the 1980 injury, and that he sustained only a hand injury on February 1, 1988. Thus, the claimant received benefits for the back injury at 1980 rates and benefits for the hand injury at 1988 rates.

On February 26, 1991, Claimant filed a petition seeking compensation for his back injury at 1988 rates. The petition alleged that Claimant actually sustained two separate and distinct injuries on February 1, 1988, the hand injury and a new back injury. The employer challenged the petition because the claimant failed to comply with section 311 notice requirements with respect to the new back injury on February 1, 1988.

The referee found in favor of the claimant, and the WCAB affirmed. Because the referee made no finding as to whether the claimant gave Employer notice of a new back injury pursuant to section 311 of the Act, we vacated and remanded the case for additional findings.

8. Whether there exists a reasonable basis for an employer's contest is a conclusion of law, fully reviewable by this court. *Thissen v. Workmen's Compensation Appeal Board (Hall's Motor Transit)*, 137 Pa.Cmwlth. 227, 585 A.2d 612, *appeal denied*, 528 Pa. 619, 596 A.2d 802 (1991).

9. In its answer to Claimant's Petition for Reinstatement, Employer stated: "It is denied that [C]laimant has any disability as a result of a February 19, 1987 injury. It is specifically denied that surgery is required for an L4–L5 herniated disc causally related to a February 19, 1987 injury." (R.R. at 3a.)

10. Inexplicably, the WCJ and the WCAB completely ignored this evidence. Nevertheless, we

at 331a.) Thus, prior to the December 19, 1990 hearing, the first scheduled hearing, Employer had in its possession a medical opinion which was in conflict with that of Dr. Supinski.

Certainly, given the fact that three doctors failed to detect a work-related back injury in 1987, the fact that three years had passed without medical evidence of a work-related back problem and the fact that Employer had a contrary medical opinion, Employer had a reasonable basis to contest Claimant's Petition for Reinstatement.

### III.

■ Employer next argues that the WCAB erred in affirming the WCJ's imposition of a ten percent penalty for unreasonable delays.[11] We agree.

The WCJ imposed a penalty upon Employer because Employer *unreasonably* delayed the conclusion of the proceedings by demanding that Claimant take Dr. Supinski's deposition and by insisting that Claimant afterwards submit to an independent medical evaluation by Dr. Riemer. (WCJ's Finding of Fact, No. 35.) However, we do not believe that it was unreasonable for Employer to seek the deposition of Claimant's medical expert or to request that Dr. Riemer, who had already reviewed Claimant's medical records and rendered a contrary opinion about the work-relatedness of Claimant's back problem, actually examine Claimant before offering any further opinion. Thus, we conclude that it was error for the WCJ to impose a penalty for unreasonable delays.

### IV.

■ Finally, Employer argues that the WCAB erred in denying its request for a rehearing to present after-discovered evidence, i.e., the report of David H. Johe, M.D.,

who examined Claimant on December 23, 1994 and determined that Claimant's back problem was unrelated to the February 19, 1987 accident. We disagree.

■ The grant or denial of a rehearing is left to the discretion of the WCAB, and this court will not disturb that decision absent a clear abuse of discretion. *Paxos v. Workmen's Compensation Appeal Board (Frankford–Quaker Grocery)*, 158 Pa. Cmwlth. 355, 631 A.2d 826 (1993). In deciding whether to grant a rehearing based on after-discovered evidence, the WCAB has broad powers to grant a rehearing when justice requires. *Id.* A rehearing may be denied where the proposed after-discovered evidence is cumulative. *Id.*

Here, the proposed after-discovered evidence simply reiterates Dr. Riemer's prior testimony of record as to the work-relatedness of Claimant's back problem. Because the evidence is cumulative, the WCAB did not abuse its discretion in denying a rehearing.

Accordingly, we reverse that portion of the WCAB's order which affirms the WCJ's award of attorney's fees for an unreasonable contest and the WCJ's imposition of a ten percent penalty for unreasonable delays; in all other respects, we affirm the WCAB's order.

### ORDER

AND NOW, this 29th day of August, 1996, we reverse that portion of the order of the Workmen's Compensation Appeal Board (WCAB), dated December 15, 1995, at A94–

---

believe that the presence in the record of Dr. Riemer's November 21, 1990 letter to Employer establishes that, early in the proceedings, there was conflicting medical evidence which served as a basis for Employer's contest.

11. Section 435 of the Act, 77 P.S. § 991, provides for the imposition of a penalty for violations of the Act or the rules and regulations promulgated under the Act. Section 401.1 of the

Act, added by section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 710, states that "any party who unreasonably delays a hearing will be subject to a penalty as provided in section 435." Moreover, the regulations provide: "Oral depositions shall be completed so as not to delay unreasonably the conclusion of the proceedings." 34 Pa.Code § 131.63(b).

0408, which affirms the Workers' Compensation Judge's (WCJ) award of attorney's fees for an unreasonable contest and the WCJ's imposition of a penalty for unreasonable delays. In all other respects, we affirm the order of the WCAB.