**Sheela VARGHESE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA, DEPARTMENT OF HEALTH), Respondent (Two Cases).**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 9, 1996.

Decided Sept. 13, 1996.

Paul Auerbach, for Petitioner.

Jennifer L. Casey, for Respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

Sheela Varghese (Claimant) appeals from two orders of the Workmen's Compensation Appeal Board (WCAB) affirming the decision of a Workers' Compensation Judge (WCJ) to grant workers' compensation benefits to Claimant for a closed period and to grant Claimant's Penalty Petition.

Claimant worked for the City of Philadelphia (Employer) as a medical lab technician when, on April 23, 1990, Claimant's supervisor, Anne DeMeis, told Claimant that she had erred in performing a clinical test. DeMeis informed Claimant that, as a result, Employer would not permit Claimant to do that particular kind of test again until Employer had retrained Claimant.[1]

That same day, a short time later, Claimant slipped and fell while in the bathroom. No one witnessed the accident, but Claimant immediately reported it to DeMeis, who took Claimant to Mt. Sinai Hospital for treatment at Employer's compensation clinic. (R.R. at 236A.) At the hospital, Claimant complained only that she had pain in her right hip. (O.R., Claimant's Exh. C–5.) A few days later, however, Claimant began to experience pain in her back and right leg. (WCJ's Findings of Fact, Nos. 1–2.)

After receiving a physician's report on Claimant's condition, Employer placed Claimant on "injured on duty" status for six weeks, during which time Claimant received payments in lieu of compensation. Subsequently, on May 8, 1990, Joseph Eshleman, D.O., sent a report to Employer, indicating therein that Claimant initially experienced pain in her right hip and buttock but, later, developed right low back pain radiating down the posterior aspect of her right lower extremity. Dr. Eshleman diagnosed Claimant's condition as post traumatic strain and recommended two weeks of outpatient physi-

---

1. On other prior occasions, Claimant had disputes with DeMeis regarding Claimant's workload and, in fact, Claimant once sought relief from her union because she believed that DeMeis was giving her too much work. (WCJ's Finding of Fact, No. 5.)

cal therapy. (WCJ's Finding of Fact, No. 3; O.R., Claimant's Exh. C–5.)

On June 6, 1990, Employer ceased paying Claimant's wages and medical bills because Claimant failed to submit medical records to Employer, failed to attend scheduled medical examinations and sought medical treatment for her back which is not causally related to her right hip injury.[2] (WCJ's Finding of Fact, No. 4.)

On November 1, 1990, Claimant filed a Claim Petition alleging that she injured her hip, neck and back when she fell at work on April 23, 1990. Employer filed a timely answer denying the material allegations of the claim. Subsequently, Claimant filed a Penalty Petition alleging that Employer failed to pay benefits or, alternatively, issue a Notice of Compensation Denial as required by the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4. Employer filed a timely answer denying the allegation. The petitions were consolidated, and hearings were held before a WCJ.

At the hearings, Claimant testified on her own behalf and presented the deposition testimony of Jamilio B. deMoura, M.D., a board-certified orthopedic surgeon. Claimant testified that, in July 1991, she was able to perform light-duty work and, as of 1992, she felt able to return to her pre-injury job. (WCJ's Finding of Fact, No. 6.) Dr. deMoura, who first examined Claimant on May 9, 1990, testified that Claimant sustained a sprain of the lumbosacral spine as a result of her April 23, 1990 work-related injury and was unable to perform her pre-injury job duties from April 23, 1990 through July 26, 1991. (WCJ's Finding of Fact, No. 8.)

Employer presented the deposition testimony of DeMeis, Claimant's supervisor,[3] and Frank Mattei, M.D., a board-certified orthopedic surgeon. Dr. Mattei examined Claimant on November 26, 1991 and diagnosed her *current* condition as lumbosacral arthritic degeneration, a congenital condition that preexisted the April 23, 1990 work injury. Dr. Mattei testified that Claimant sustained a soft-tissue injury on April 23, 1990, which could have aggravated her arthritic condition; however, as of November 26, 1991, there was no evidence of aggravation, and Claimant could return to her pre-injury job. (WCJ's Finding of Fact, No. 9.)

Based on the evidence presented, the WCJ accepted Dr. deMoura's testimony that Claimant suffered a work-related lumbosacral sprain on April 23, 1990. The WCJ also accepted Dr. Mattei's testimony that, as of November 26, 1991, Claimant's condition was the result of her pre-existing arthritic condition.[4] (WCJ's Finding of Fact, No. 10.) Thus, the WCJ awarded benefits for the period from April 23, 1990 through November 25, 1991, allowing Employer to receive credit for payments made in lieu of compensation. The WCJ granted Claimant's Penalty Petition but declined to award Claimant attorney fees for an unreasonable contest. Claimant appealed to the WCAB which, in two separate orders, affirmed the WCJ's decision.

On appeal to this court,[5] Claimant first argues that the WCJ, affirmed by the WCAB, erred in only granting benefits for a closed period. Claimant maintains that she was entitled to an opportunity to present expert testimony to rebut Employer's medical evidence concerning her condition as of

---

2. Employer never filed a Notice of Compensation Denial in this case. (WCJ's Finding of Fact, No. 4.)

3. DeMeis testified that, just prior to Claimant's accident in the bathroom, DeMeis had reprimanded Claimant for poor job performance, suggesting thereby that Claimant had not fallen at all or, at least, had exaggerated the extent of her injury from the fall. (R.R. at 231A–32A, 326A.)

4. The WCJ noted that Claimant herself testified that she felt able to return to her pre-injury job as of 1992. (WCJ's Finding of Fact, No. 11.)

5. Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Berks County Home v. Workmen's Compensation Appeal Board (Schnable),* 145 Pa.Cmwlth. 582, 604 A.2d 767 (1992).

November 26, 1991. According to Claimant, the WCJ failed to give her notice that her condition as of November 26, 1991 was at issue here.

 We are not persuaded by this argument. In a claim proceeding, the claimant has the burden of proving all necessary elements to support an award, including the *extent* of the disability. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). Although a claimant may produce evidence to establish that she suffered a compensable injury, this does not exclude the possibility of her returning to employment in the future. *Id.* Thus, because Claimant's condition is always at issue throughout the proceedings, the WCJ was not required to give Claimant notice that her condition on any particular date is in dispute.[6]

Claimant next argues that, because the WCJ *rejected* Dr. Mattei's assumption that Claimant suffered from a pre-existing arthritic condition which was aggravated by the April 23, 1990 work injury, Dr. Mattei's expert testimony is not competent. We believe that Claimant has misconstrued the WCJ's findings in this regard.

The WCJ *accepted* Dr. Mattei's testimony that: (1) Claimant suffered from "congenital arthritis;" (2) Claimant sustained a soft-tissue injury on April 23, 1990; (3) the soft-tissue injury could have aggravated Claimant's pre-existing condition; and (4) Claimant had fully recovered from any such aggravation.[7] The WCJ *only* rejected, as speculative, Dr. Mattei's testimony that Claimant should have recovered from her soft-tissue injury within three to six weeks of the injury. (WCJ's Finding of Fact, No. 12.) However, this was *not* the basis for Dr. Mattei's opinion that Claimant had fully recovered from her work-related injury as of November 26, 1991; indeed, Dr. Mattei based that opinion on his examination of Claimant on that date and his review of her medical records. (WCJ's Finding of Fact, No. 9.) Thus, Dr. Mattei's testimony is competent.

 Claimant also argues that the record does not contain substantial evidence to support the findings which serve as the basis for the WCJ's conclusion that Employer reasonably contested Claimant's petition based on a credibility issue.

 Section 440 of the Act, 77 P.S. § 996, states that the cost of attorney fees may be excluded where the employer or insurer has established a reasonable basis for the contest. The reasonableness of an employer's contest depends on whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant.[8] *Thissen v. Workmen's Compensation*

6. Here, Employer presented medical testimony, believed by the WCJ, that Claimant's disability ceased as of November 26, 1991. Moreover, Claimant herself testified that she felt able to return to her pre-injury job beginning in 1992; in fact, in February 1992, Claimant applied for work as a medical lab technician at seventeen different hospitals or laboratories. (R.R. at 338A, 349A, 362A; O.R., Claimant's Exh. C–11.)

7. The WCJ stated in pertinent part as follows:
 9. [Employer] presented the medical testimony of Dr. Frank Mattei.... Based upon Dr. Mattei's testimony this [WCJ] *finds* as follows:
 a. *Based upon a physical examination and a review of records*, Dr. Mattei diagnosed Claimant's *current* condition as lumbosacral arthritic degeneration. This condition was congenital in nature, pre[e]xisted the April 23, 1990 work injury, and was not related to it.
 b. Claimant's *soft-tissue injury on April 23, 1990 could have aggravated Claimant's pre-existing condition*, but this aggravation should have subsided within a three to six week period. *As of Dr. Mattei's examination on Novem-*

*ber 26, 1991, there was no evidence of any work-related aggravation* of her arthritic condition....
 10. This [WCJ] has carefully examined all the medical testimony presented in this matter and has found Dr. deMoura's testimony to be credible to the extent that it established that *Claimant sustained a work-related lumbosacral sprain on April 23, 1990*. This [WCJ] has found Dr. Mattei's testimony to be more persuasive ... regarding the causation of Claimant's continuing back pain and radiculopathy, and has therefore *accepted as fact Dr. Mattei's opinion that Claimant's condition as of November 26, 1991 was related to congenital arthritis*, and not to the work injury....
 (WCJ's Findings of Fact, Nos. 9–10.) (Emphasis added.)

8. Whether there exists a reasonable basis for an employer's contest is a conclusion of law, fully reviewable by this court. *Thissen v. Workmen's Compensation Appeal Board (Hall's Motor Transit)*, 137 Pa.Cmwlth. 227, 585 A.2d 612 , *appeal denied*, 528 Pa. 619, 596 A.2d 802 (1991).

*Appeal Board (Hall's Motor Transit),* 137 Pa.Cmwlth. 227, 585 A.2d 612 , *appeal denied,* 528 Pa. 619, 596 A.2d 802 (1991). An issue of credibility is a legitimate and reasonable subject of inquiry and challenge. *Id.*

Here, the WCJ found that, immediately prior to the April 23, 1990 work injury, Claimant's supervisor reprimanded Claimant for failing to properly perform a clinical test and would not allow Claimant to conduct the test again until Claimant was retrained. The WCJ also found that, prior to the work injury, Claimant had other disputes with her supervisor, and that Claimant sought relief from her union with regard thereto. (WCJ's Finding of Fact, No. 5.) We have examined the record and found substantial evidence to support these findings; moreover, we believe that these facts give Employer reason to question Claimant's credibility with respect to the existence or extent of her work injury.[9]

Accordingly, we affirm.[10]

### ORDER

AND NOW, this 13th day of September, 1996, the orders of the Workmen's Compensation Appeal Board, dated August 2, 1995 and August 31, 1995, are affirmed.

9. We also point out that, on June 6, 1990, about five months *before* Claimant even filed her Claim Petition, Employer terminated Claimant's "injured on duty" benefits, questioning the causal relationship between Claimant's medical bills for *back* treatments and the reported work injury to her right *hip.*

10. Claimant also argues that the WCAB misread her brief and, as a result, erroneously believed that medical bills which Claimant submitted af- ter the close of the record were for services provided by Dr. deMoura. However, although the reproduced record contains one page of Claimant's brief to the WCAB, (R.R. at 391A), that brief is *not* part of the record certified to this court. Thus, because Claimant did not seek to supplement the certified record pursuant to Pa. R.A.P.1951(b), Claimant cannot prevail on this argument.