**CERRO METAL PRODUCTS,**
**Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SHAWLEY),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 31, 1999.
Decided Nov. 14, 2000.

Michael J. Wagner and Melissa A. Corcino, Altoona, for petitioner.

Tracey G. Benson, Bellefonte, for respondent.

Before DOYLE, President Judge, KELLEY, Judge, NARICK, Senior Judge.

DOYLE, President Judge.

Cerro Metal Products (Employer) petitions for review of an order of the Workers' Compensation Appeal. Board (Board) that affirmed a decision of the Workers' Compensation Judge (WCJ) denying Employer's Petitions to Terminate and Suspend Compensation Benefits and awarding Thomas Shawley (Claimant) counsel fees for an unreasonable contest.[1]

On December 8, 1989, Claimant sustained a work-related injury to his left leg. A Notice of Compensation Payable (NCP) was issued on January 19, 1990, describing the injury as "cellulitis left leg."[2] On February 4, 1992, Claimant sustained a second work-related injury, this time to his *right* leg, and a NCP was issued on January 26, 1993, describing the injury as "cellulitis right leg." On January 29, 1993, the parties entered into a Supplemental Agreement providing for payment of temporary total and partial disability benefits with a suspension of benefits effective November 10, 1992. Claimant, however, left work in October 1993, when cellulitis of his right lower extremity recurred after he fell at work. The Claimant is presently receiving benefits for temporary total disability.

On April 22, 1996, Employer filed a Petition to Terminate Workers' Compensation Benefits, alleging that, as of March 18, 1996, Claimant had fully recovered from his February 1992 work-related injury (his second injury). Employer amended its petition to include a Petition to Suspend Compensation Benefits on October 25, 1996.

The WCJ conducted a series of hearings in 1996 and 1997. At those hearings, Employer presented the medical report and the deposition testimony of Mark R. Wilford, M.D. Claimant testified and presented the deposition testimony of David Benson, M.D. Dr. Wilford evaluated Claimant on March 18, 1996, and opined that "Claimant's morbid obesity and venous insufficiency would predispose the Claimant

---

1. Employer has only appealed the denial of its suspension petition. Therefore, our analysis is limited to that issue.

2. Cellulitis is defined as the inflammation of cellular or connective tissue. *Stedman's Medical Dictionary*, 273 (25th ed.1990).

for recurring injury to the lower extremities related to both extended standing and the possibility of trauma." (WCJ's finding of fact No. 22.) Therefore, Dr. Wilford concluded that Claimant could not be released to return to work without restriction as of the date of his examination.

Dr. Benson is a general practitioner and performs physical examinations for Employer. He has been Claimant's family physician since Claimant's problems with recurrent cellulitis began. Dr. Benson testified that he forwarded to Employer Claimant's release to begin light-duty work on December 21, 1993, and Claimant's release to return to full-duty work on February 14, 1995. Dr. Benson opined that Claimant's venous insufficiency or obesity were not factors prohibiting him from returning to work. "It remained Dr. Benson's opinion, as of the date of his deposition, that the Claimant would pass a pre-employment physical, and would be released to return to work without restrictions. . . . " (WCJ's finding of fact No. 29.)

Claimant testified that he was not aware of being released to return to work until January 29, 1997, the date of Dr. Benson's deposition, and that he did not contact Employer after that date. Claimant also testified that he would have returned to work if Employer had offered him work within his restrictions. The record is devoid of any evidence that Employer actually offered Claimant a job after his release to return to work by Dr. Benson.

The WCJ found the medical findings and opinions of Dr. Benson more credible than the opinions of Dr. Wilford. As a result, the WCJ denied Employer's suspension petition because Employer "failed to meet its burden in this matter, to demonstrate by sufficient, competent, credible evidence, that the Claimant was released to return to work without restrictions *and*

*that he did return to work* as required by *Harle v. [Workmen's Compensation Appeal Board] (Telegraph Press, Inc.)*, 540 Pa. 482, 658 A.2d 766 (1995)." (WCJ's Conclusion of Law No. 2.) Employer appealed to the Board.

The Board, in affirming the WCJ's decision, relied on *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). The Board ruled that "the record does not demonstrate that [Employer] met its burden of proof concerning job availability. As noted above, [Employer] produced medical evidence but nothing in the form of vocational evidence." (Board's decision at 5.) As a result, the Board held that Employer failed to carry its burden of proof and that the WCJ properly denied Employer's suspension petition.

On appeal,[3] Employer contends that the Board erred in relying on *Kachinski*, arguing instead that *Harle* controls the outcome of this case. We believe, however, that *Kachinski* is controlling and, on that basis, we affirm the Board.

In *Kachinski*, the Supreme Court provided the following guidelines regarding a suspension of benefits:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance. . . .

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

---

3. Our standard of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Berks County Home v. Workmen's Compensation Appeal Board (Schnable)*, 145 Pa.Cmwlth. 582, 604 A.2d 767 (1992).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Kachinski,* 516 Pa. at 252, 532 A.2d at 374. It is clear from *Kachinski* that in order to sustain its burden in a suspension petition, the employer must produce medical evidence of a change in condition and must produce evidence of job availability. In the present case, medical evidence did support Employer's position that Claimant *could* return to work, but Employer failed to present any evidence to establish job availability. In fact, Claimant was never made aware of his release to return to full-duty until his counsel so informed him on January 29, 1997, two years after Dr. Benson approved his return. During that time, Employer never contacted Claimant about job availability at its plant or anywhere else. Rather than offering a job to Claimant, Employer simply continued the litigation.

Employer argues that *Harle* controls this case based on Dr. Benson's testimony that Claimant could return to work without a loss of earnings connected to his work injury. In *Harle,* however, our Supreme Court reaffirmed its holding in *Kachinski* when it stated, "[t]herefore, despite the medical evidence that the employee was physically capable of working, there was no record evidence of actual work availability. This would have been sufficient reason to deny the suspension of benefits consistent with *Kachinski.*" *Harle,* 540 Pa. at 487, 658 A.2d at 768. In *Harle,* the Court had to decide an additional issue because the claimant obtained work himself with another employer although at a lesser wage than his pre-injury earnings. That situation does not present itself in this appeal. As a result, since Employer failed to prove job availability, it was proper for the Board to affirm the WCJ's decision denying Employer's suspension petition. *See Landmark Constructors, Inc. v. Workers' Compensation Appeal Board (Costello),* 560 Pa. 618, 747 A.2d 850 (2000).

Accordingly, we affirm the decision of the Board.

## ORDER

**NOW,** November 14, 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.